IN RE APPEAL OF FORD.

(No. 81AP-680—Decided June 15, 1982.)

*Mr. Peter A. Precario,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. B. Douglas Anderson, Mr. Paul L. Cox, Mr. Toba J. Feldman* and *Ms. Nancy Williams,* for appellee.

WHITESIDE, P.J. This is an appeal by appellant, Ulysses Ford, Jr., from a judgment of the Franklin County Court of Common Pleas affirming a decision of the State Personnel Board of Review finding that it had no jurisdiction over his appeal pursuant to R.C. 124.34 from his discharge from his employment with the State Teachers Retirement System of Ohio because said employer "is an independent agency whose employees are not a part of the State Civil Service System." In support of his appeal, ap-

pellant raises a single assignment of error, although not labeled as such nor in proper form, as follows:

"An employee of the State Teachers Retirement System is in a position of employment in the service of the state as defined in Chapter 124 of the Revised Code and, as a result, is in the classified state service of the state of Ohio and is entitled to all procedural protections of employees of the state of Ohio."

By stipulation before the State Personnel Board of Review, the employer, State Teachers Retirement System, agreed that it had improperly terminated appellant if he be entitled to civil service protection under R.C. Chapter 124 but contended that its employees are not in such civil service, stipulating further that it receives no funds from the General Assembly for administrative operation but does receive appropriated money to fund increased benefits, and further that its employees are members of the Public Employees Retirement System in accordance with R.C. Chapter 145.

Accordingly, the sole issue before us is whether employment with the State Teachers Retirement System constitutes "state service" as defined by R.C. 124.01, which reads, in part, as follows:

"(A) 'Civil service' includes all offices and positions of trust or employment in the service of the state and the counties, cities, city health districts, general health districts, and city school districts thereof.

"(B) 'State service' includes all such offices and positions in the service of the state, the counties, and general health districts thereof, except the cities, city health districts, and city school districts.

"(C) 'Classified service' means the competitive classified civil service of the state, the several counties, cities, city health districts, general health districts, city school districts thereof, and civil service townships."

Unfortunately, there is a dearth of authority upon the subjects of whether various agencies created by statute to perform a public function are state agencies and whether service for such agencies constitutes state service within the contemplation of R.C. 124.01, *supra.*

The State Teachers Retirement System is created by R.C. 3307.03, and a board to administer and manage the system is created by R.C. 3307.04. Pursuant to R.C. 3307.05, the nine-member board includes two elected state officers, the state Auditor and Attorney General, an appointed state officer, the Superintendent of Public Instruction, five teacher members and one retired-teacher member. The teacher and retired-teacher members are elected for definite terms from a constituency defined by R.C. 3307.07 consisting of either teacher members or retired-teacher members of the State Teachers Retirement System depending upon the position to be filled. This election is statewide in scope. Teachers include "any person[s] paid from public funds and employed in the public schools of the state" required to have a certificate issued pursuant to R.C. 3319.22 to 3319.31, as well as teachers or faculty members employed in any school, college, university or other agency controlled, managed and supported in whole or in part by the state or any subdivision. See R.C. 3307.01(B) and 3307.011. In addition, certain other educational employees of public schools in this state may be members pursuant to R.C. 3307.012. R.C. 3307.03 provides that the State Teachers Retirement System is "established for the teachers of the public schools of the state" for the purpose of payment of retirement allowances and other benefits pursuant to R.C. Chapter 3307. R.C. 3307.12 provides that "the treasurer of state shall be the custodian of the funds of the state teachers retirement system," and R.C. 3307.13 provides that "the attorney general shall be the legal advisor of the state teachers retirement board."

As this court found with respect to a

similar board (the School Employees Retirement Board), in *Fair* v. *School Employees Retirement System* (1975), 44 Ohio App. 2d 115 [73 O.O.2d 101], neither the State Teachers Retirement System nor the State Teachers Retirement Board is a subdivision of the state but, instead, "is an instrumentality of the state exercising its powers and duties throughout the state, not solely within a geographical subdivision of the state." Consistent with our decision in *Fair,* we find that the State Teachers Retirement Board is an instrumentality of the state. This is consistent with the rationale of the fourth paragraph of the syllabus of *Wolf* v. *Ohio State University Hospital* (1959), 170 Ohio St. 49 [9 O.O.2d 416], wherein it was held that both the Ohio State University and the Ohio State University Hospital are instrumentalities of the state. In addition, the State Teachers Retirement Board consists of elected and appointed state officers plus other members elected by a statewide limited constituency. The board, a creature of statute, can exercise only such powers as have been conferred upon it by statute.

Appellee relies upon two attorney general opinions, one dealing with employees of the State Bridge Commission (1939 Ohio Atty. Gen. Ops. 213, No. 182), and the other dealing with employees of the Ohio Turnpike Commission (1962 Ohio Atty. Gen. Ops. 807, No. 3334). Neither of these attorney general opinions is either binding or persuasive, although both are easily distinguishable. The Attorney General in each instance relied upon statutory authority making the agency in question a body both corporate and politic. Without a clear transition of reasoning in either opinion, the Attorney General concluded that each of the commissions was "a legal entity separate and apart from" the state. Such position is to be distinguished from that reached in *Spitaleri* v. *Metro RTA* (1980), 67 Ohio App. 2d 57 [21 O.O.3d 367], also relied upon by appellee, wherein it was held that employees of a regional transit authority are not subject to R.C. Chapter 124 because they are employees of a political subdivision of the state to which R.C. Chapter 124 has not been made applicable. For the reason we noted in *Fair, supra,* the State Teachers Retirement Board is not a political subdivision of the state but, instead, exercises jurisdiction and authority throughout the state.

In finding property of the State Teachers Retirement Board to be public property used exclusively for a public purpose, the Supreme Court in *State Teachers Retirement Bd.* v. *Bd. of Tax Appeals* (1964), 177 Ohio St. 61, 62 [29 O.O.2d 187], noted that the system and board are created pursuant to Article VI of the Ohio Constitution and constitute "a substantial and integral factor in securing and retaining qualified teachers, thus improving the quality of instruction in the public school system." On the other hand, in *Fair* v. *School Employees Retirement System* (1978), 53 Ohio St. 2d 118, at page 121 [7 O.O.3d 192], the Supreme Court noted that that system is "a separate and independent agency," established to "oversee and manage the school employees retirement funds." The independence referred to, however, is from other school authorities, including the State Board of Education, not from the General Assembly of the state itself.

There is no doubt but that the State Teachers Retirement Board is a public agency created by statute to exercise a certain portion of the sovereignty of the state as authorized by statute; namely, to provide for the welfare of teachers and certain other school and college educational employees so as to provide a retirement fund and system for their benefit. Clearly, the State Teachers Retirement Board exercises its powers throughout the state with respect to each and every school district in the state, as well as all state-supported colleges and universities. Therefore, there can be no other conclusion but that the State Teachers Retirement Board is a state agency.

However, R.C. 124.01 does not refer

to state agencies but, instead, makes repeated reference to "all offices and positions of trust or employment in the service of the state" and defines "state service" so as to include "all such offices and positions in the service of the state." The key issue, therefore, is not whether the board is a state agency but whether or not employment with that board constitutes employment "in the service of the state," within the meaning of those words as used in R.C. 124.01. This raises a more complex issue and question than has been expressly referred to by the parties or in the attorney general opinions relied upon by the appellee.

However, in those attorney general opinions is a clue to the basis for the determination in both instances but applied in an effort to create a separate independent entity, rather than recognizing the existence of a state agency. In 1939 Ohio Atty. Gen. Ops. No. 182, in discussing the factors leading to the conclusion reached, it is stated, at page 216, that "the strongest of these, among others, is that the commissions and employees are paid not from public funds but from bridge revenues * * *." Similarly, in 1962 Ohio Atty. Gen. Ops. No. 3334, at page 809, reliance was made upon R.C. 5537.04(L) providing for employment of certain employees and fixing their compensation "provided all such expenses shall be payable solely from the proceeds of turnpike revenue bonds * * * or from revenues." In each instance, special funds are utilized to pay the employees. The stipulations before the State Personnel Board of Review indicate that a similar situation exists in this instance, in that it is stated "the State Teachers Retirement System receives no funds from the Ohio General Assembly for the administrative operation of the system." Despite the stipulation, substantial funds have been appropriated from time to time by the General Assembly from the general fund to the State Teachers Retirement System. R.C. 3307.65(F) provides that expenses for administration and manage-ment of the State Teachers Retirement System are to be paid from an expense fund. Prior to 1965, R.C. 3307.51 and 3307.67 provided for an annual assessment to be paid into the expense fund. Since the repeal of that provision in 1965, presumably funds for the expense fund are provided by transfer from the guaranty fund created by R.C. 3307.65(E) into which it would appear would be paid any funds appropriated by the General Assembly.

While, as appellee points out, R.C. 3307.11 authorizes appellee to employ such employees as are necessary and to fix their compensation, such provision is not inconsistent with the application of R.C. Chapter 124 since R.C. 3307.11 merely determines the appointing authority and confers power to fix compensation. R.C. 124.14(B)(4) specifically provides that the salary provisions of R.C. Chapter 124 do not apply where an authority has been granted power to determine compensation of employees. Thus, there is no conflict between R.C. Chapter 124 and R.C. 3307.11.

The determinative question remains, therefore, whether employment with the State Teachers Retirement Board constitutes employment "in the service of the state" within the contemplation of the definition set forth in R.C. 124.01, *supra.* Reference to cases involving political subdivisions such as *Spitaleri, supra,* are of little assistance since R.C. 124.01 includes only specified political subdivisions within the definition of civil service, so that employment with all other political subdivisions, such as townships, local school districts, conservancy districts, court districts, and other political subdivisions, whether constituting more than one or only part of one county, are not included within the definition of civil service. The State Teachers Retirement System, however, is not a political subdivision but, rather, is a state agency exercising statewide jurisdiction and authority, as was indicated by the Supreme Court in *State, ex rel. Preston,* v. *Ferguson* (1960),

170 Ohio St. 450 [11 O.O.2d 204], with respect to the School Employees Retirement Board. While it is readily apparent that the State Teachers Retirement Board is a state agency but not a political subdivision, it is not so readily apparent that employment with such board constitutes employment in the service of the state. The two are not necessarily synonymous, although in the broadest sense any employee of a state agency is a state employee.

Unfortunately, the General Assembly has not defined what is meant by "service of the state," so that other definitions and provisions must be looked to in an effort to glean the legislative intent as to the meaning of the phrase. R.C. 124.01(D) defines appointing authority as follows:

" 'Appointing authority' means the officer, commission, board, or body having the power of appointment to, or removal from, positions in any office, department, commission, board, or institution."

Thus, in the broadest sense, the State Teachers Retirement Board has been defined as an appointing authority, and R.C. 124.01(F) would define its appointees as being employees. R.C. 124.15(A) refers to "employees working for the state or any of the several departments, commissions, bureaus, boards, or councils of the state," although as we have noted previously that section is not applicable to the State Teachers Retirement System by virtue of R.C. 124.14(B)(4). Nevertheless, as indicated by the attorney general opinions with respect to the turnpike and bridge commissions, there appears to be some intent that service of the state requires not only service with a state agency but also compensation from funds belonging to the state, whether from the general fund or some special fund. The funds of the State Teachers Retirement Board, including the expense fund, are each specifically made "a separate legal entity" by R.C. 3307.66. This connotes an intent that the funds of the State Teachers Retirement Board not be considered state funds in the general sense. Rather, as stated in *State, ex rel. Preston, supra,* at page 464, with reference to the School Employees Retirement Board, "[t]here is no question that the funds here involved are trust funds." More importantly, as noted previously, it has been specifically stipulated by the parties that the board receives no funds from the General Assembly for administrative operation of the retirement system. Whether or not this is completely accurate, this case must be determined upon the basis of such stipulation, whether or not it would be conclusive in another case involving similar issues.

Accordingly, under the stipulated facts, the employees of the State Teachers Retirement Board are paid solely from trust funds of the board and not from any state funds, special or general. Under such circumstances, we must conclude that the employees of the State Teachers Retirement System are not engaged in employment in the service of the state within the meaning of R.C. 124.01 since, although possibly otherwise state employees, they are not compensated in whole or in part by state funds. In other words, employment in the service of the state under R.C. 124.01 has two requisites: (1) employment by a state agency, and (2) compensation being paid in whole or in part from state funds, whether general or special, regardless of the source of such state funds. Here, since compensation is paid from special trust funds, not state funds, the employees are not in the state service. For this reason, the assignment of error is not well taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY and NORRIS, JJ., concur.