SCHWARZ, APPELLEE, *v.* BOARD OF TRUSTEES OF THE OHIO STATE
UNIV. ET AL., APPELLANTS.

[Cite as Schwarz *v.* Bd. of Trustees of Ohio State Univ. (1987),
31 Ohio St. 3d 267.]

(No. 86-634—Decided July 22, 1987.)

*Baker, Baker & Sweterlitsch, Douglas A. Baker, Spater, Gittes & Ter-zian* and *Frederick M. Gittes,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Gary E. Brown, Vorys, Sater, Seymour & Pease* and *G. Ross Bridgman* for appellants.

SWEENEY, J. In the cause *sub judice,* two issues are posed for our consideration: (1) whether R.C. 3335.03 permits the maintenance of a breach of contract action against the OSU Board of Trustees in the court of common pleas within the ambit of R.C. 2743.02(A)(1); and (2) whether the court of common pleas has jurisdiction to consider plaintiff's claim grounded in Section 1983, Title 42, U.S. Code. For the reasons that follow, we answer both questions in the affirmative.

I

R.C. 3335.03 provides:

"The trustees and their successors in office shall be styled the 'board of trustees of the Ohio state university,' with the right as such, of suing and being sued, of contracting and being contracted with, of making and using a common seal, and altering it at pleasure."

In *Wolf, supra,* this court held in paragraph five of the syllabus:

"Under the provisions of Section 3335.03, Revised Code, the General Assembly of Ohio has not authorized tort actions to be brought against the Board of Trustees of The Ohio State University." See, also, *Thacker v. Bd. of Trustees, supra.*[4]

---

[4] It should be pointed out that both *Wolf, supra,* and *Thacker, supra,* were overruled in part by this court in *Schenkolewski v. Metroparks System* (1981), 67 Ohio St. 2d 31, 21 O.O. 3d 19, 426 N.E. 2d 784.

In *Schenkolewski,* we held that the common-law doctrine of governmental or sovereign immunity may, consistent with Section 16, Article I of the Ohio Constitution, be altered or

The law set forth in *Wolf* was premised largely upon this court's prior pronouncement in *Overholser* v. *National Home for Disabled Volunteer Soldiers* (1903), 68 Ohio St. 236, 67 N.E. 487, where it was held in the second paragraph of the syllabus:

"The grant of power to sue and be sued at law and in equity applies to such matters only as are within the scope of the other corporate powers of the defendant, and it does not authorize such corporation to be sued in tort."

With respect to the first issue presented, defendant-appellant OSU Board of Trustees argues that the Ohio Court of Claims is the proper forum for plaintiff's complaint. Defendant contends that under both *Wolf* and *Thacker*, it is clear that tort actions may not be brought against the OSU Board of Trustees, and that breach of contract actions should be treated no differently since those cases did not create a distinction between tort and contract claims. Defendant submits that prior to the enactment of the Court of Claims Act, R.C. 3335.03 did permit actions in the court of common pleas against the OSU Board of Trustees, but that these were limited to contract actions in mandamus and other special equitable remedies.

Plaintiff-appellee asserts that R.C. 3335.03 permits the bringing of a breach of contract action against the OSU Board of Trustees, and is the type of statute referred to in R.C. 2743.02(A)(1) whereby the state has previously consented to suit. Plaintiff contends that based on the rationale enunciated in *Overholser, supra, Wolf, supra,* and *Thacker, supra,* the court of appeals below correctly concluded that R.C. 3335.03 confers common pleas court jurisdiction over her breach of contract action against the OSU Board of Trustees, because that statute expressly makes the right "of contracting and being contracted with" one of the other corporate powers of that entity. Plaintiff submits that if "suing and being sued" in R.C. 3335.03 does not refer to tort suits, because torts are not included in the board of trustees' " 'other corporate powers,' " as found in *Wolf*, then, necessarily "suing and being sued" does plainly refer to contract suits because contracts are so included in the board of trustees' express corporate powers.

Based on the precedents heretofore discussed, we find that while R.C. 3335.03 does not set forth a prior consent to suit with regard to tort actions, the same cannot be said with respect to actions asserting a breach of contract. Contrary to the arguments raised by defendant, we find that both *Wolf* and *Thacker* confined their breadth and discussion to tort causes of action. Pursuant to R.C. Chapter 2743, any tort cause of action now brought against the entity known as the OSU Board of Trustees must be adjudicated in the Court of Claims. Nevertheless, when an action is brought against the board of trustees alleging breach of contract, we

---

abolished by the judiciary. Prior case law (*e.g., Wolf* and *Thacker*) indicated that only the General Assembly could alter or abolish the doctrine of governmental or sovereign immunity.

believe that the court of common pleas is the proper forum to adjudicate that claim based upon the language of R.C. 3335.03, as well as the prior case law developed in *Wolf* and *Thacker*. To hold otherwise, or to adopt the restrictive interpretation urged by defendant would, as plaintiff asserts, effectively render the "suing and being sued" language of R.C. 3335.03 meaningless. In our view, by enacting R.C. 3335.03, the legislature has consented to the OSU Board of Trustees' "suing and being sued" with respect to some of its powers. Given the fact that the "suing and being sued" language of R.C. 3335.03 must contemplate amenability to suit in some context so as to give this language some sort of relevancy, see *Bloom* v. *Richards* (1853), 2 Ohio St. 387, 402, we believe that the "of contracting and being contracted with" language of the statute expressly sets forth the type of action that may be brought against the board of trustees in a court of general jurisdiction. Since R.C. 3335.03 predates the adoption of the Court of Claims Act (R.C. Chapter 2743), and since tort actions are not included in this prior consent to suit, *Wolf, supra,* we hold that pursuant to R.C. 3335.03 and 2743.02(A)(1), an action in contract may be brought against the Board of Trustees of the Ohio State University in the court of common pleas.

Accordingly, with respect to the first issue posed herein, we affirm the judgment of the court of appeals.

## II

The second issue presented asks whether the court of common pleas possesses subject matter jurisdiction to consider plaintiff's claim based on Section 1983, Title 42, U.S. Code.

With regard to this claim, plaintiff asserts in her complaint that various state officials of the university, while acting under color of state law, have deprived her of a property right (tenured employment) without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution, Section 1983, Title 42, U.S. Code, and Section 16, Article I of the Ohio Constitution. Plaintiff has styled her claim as one that seeks prospective injunctive relief, and has made this claim against the various university officials in their official capacities.

Defendants-appellants contend that plaintiff's Section 1983 action against state officials in their official capacities does not state a justiciable claim for relief because plaintiff has not alleged that the state officials are enforcing an unlawful state law, regulation or policy. Defendants assert that such an allegation is necessary regardless of whether plaintiff is seeking monetary damages or injunctive relief. Defendants submit that under the United States Supreme Court's decision in *Kentucky* v. *Graham* (1985), 473 U.S. 159, it is clear that plaintiff has failed to state a claim under Section 1983, because plaintiff's "official capacity" suit does not assail a university or state policy, regulation or law as unconstitutional.

Plaintiff-appellee argues that her Section 1983 action is not against the state and does not seek monetary damages. Plaintiff submits that her

Section 1983 action seeking prospective injunctive relief against the university officials in their official capacities states a proper claim for relief in the court of common pleas. It is plaintiff's contention that the federal courts have uniformly allowed Section 1983 actions for prospective relief so long as the relief awarded does not require direct expenditure of funds from the state treasury for past wrongs. See, *e.g., Bailey v. Ohio State Univ.* (S.D. Ohio 1980), 487 F. Supp. 601; *Stones v. Los Angeles Community College Dist.* (C.D. Cal. 1983), 572 F. Supp. 1072; *America Natl. Bank & Trust Co. v. Board of Regents* (N.D. Ill. 1984), 607 F. Supp. 845.

Section 1983, Title 42, U.S. Code, provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. * * *"

In *Coffy v. Multi-County Narcotics Bureau* (C.A. 6, 1979), 600 F. 2d 570, the court stated that in order to establish a right to relief under Section 1983, "* * * a plaintiff must plead and prove at least two elements: (1) that he has been deprived of a right 'secured by the Constitution and laws' of the United States; and (2) that the defendant deprived him of this right while acting under color of law. * * * [Citations omitted.]" *Id.* at 576.

While our research fails to reveal any pertinent case law emanating from this court with respect to the maintenance of Section 1983 actions in the courts of common pleas, at least two Ohio courts of appeals have found jurisdiction of such claims in the courts of common pleas. See *Jackson v. Kurtz* (1979), 65 Ohio App. 2d 152, 19 O.O. 3d 105, 416 N.E. 2d 1064; and, *Johnson v. Linder* (1984), 14 Ohio App. 3d 412, 14 OBR 531, 471 N.E. 2d 815. It has been stated that the courts of common pleas possess jurisdiction to entertain such claims because such courts are ones of original and general jurisdiction, and because Congress has permitted such actions to be brought in state courts as well as federal courts, thereby providing state courts concurrent jurisdiction over Section 1983 claims. *Jackson, supra,* at 156, 19 O.O. 3d at 107, 416 N.E. 2d at 1067.

With respect to the seeking of prospective injunctive relief against state officials, where it is alleged that such officials acted unconstitutionally in their official capacities, the United States Supreme Court has upheld the propriety of such actions brought in federal court. *Ex parte Young* (1908), 209 U.S. 123; *Quern v. Jordan* (1979), 440 U.S. 332.

Recently, this court held in paragraph one of the syllabus in *Racing Guild of Ohio, Local 304 v. State Racing Comm.* (1986), 28 Ohio St. 3d 317, 28 OBR 386, 503 N.E. 2d 1025:

"An action for injunctive relief may be brought against the state, as

defined in R.C. 2743.01(A), in a court of common pleas. (*Brownfield* v. *State* [1980], 63 Ohio St. 2d 282 [17 O.O. 3d 181], overruled in part.)"

In light of the foregoing precedents and given the allegations set forth in her complaint,[5] we agree with plaintiff that the court of common pleas has jurisdiction to hear her Section 1983 claim. Therefore, we hold that the courts of common pleas possess jurisdiction to entertain federal claims seeking prospective injunctive relief brought under Section 1983, Title 42, U.S. Code, against individual state officers in their official capacities, in order to redress alleged deprivations of rights, privileges or immunities guaranteed by the United States Constitution.

Contrary to the finding made by the trial court below, it should be pointed out that university officials named as defendants are not "the state," see *Bailey, supra,* at 603, and such will usually be the case unless the state is the real party in interest and a judgment for the plaintiff could operate to control the action of the state or subject it to liability. Under our opinion today, such university officials may be sued in the court of common pleas for prospective injunctive relief under Section 1983.

Moreover, despite defendants' contention that *Kentucky* v. *Graham, supra,* is directly on point and clearly indicates that plaintiff has stated no proper claim under Section 1983, our reading of that case leads us to conclude that it is not controlling in the cause *sub judice.* A careful examination of the discussion within *Kentucky* v. *Graham* with respect to the distinction drawn between "personal capacity" and "official capacity" actions grounded in Section 1983 reveals that such a distinction is relevant only in those actions where monetary damages are sought. Since the instant cause requests prospective injunctive relief against state officials

---

[5] With respect to the Section 1983 claim, plaintiff's complaint alleged:

"(27) For the purposes of this Second Cause of Action, Plaintiff alleges that Defendants Crane, Broekema, Haenicke, Jennings, and Trustees, when performing the actions as averred in paragraphs (1) through (20) of this Complaint, were acting under color of state law.

"(28) By virtue of the actions of the parties, and the legal consequences of those actions, as set forth in paragraphs (1) through (16) of this Complaint, Plaintiff has acquired a legitimate entitlement in the property rights of tenured employment with Ohio State University.

"(29) By virtue of the actions set forth in paragraphs (17) through (19) and paragraph (27) of this Complaint, Defendants Crane, Broekema, Haenicke, Jennings, and Trustees have attempted to deprive Plaintiff of her continued enjoyment of these property rights without affording her due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. Section 1983, and Section 16 of Article I of the Ohio Constitution.

"(30) The actions of Defendants Crane, Broekema, Haenicke, Jennings, and Trustees as averred in paragraph (29) of this Complaint are causing and will continue to cause irreparable injury to Plaintiff including great extense [sic], loss of income, embarrassment, emotional distress, loss of professional standing, and loss of potential employment with other institutions of higher education, for which Plaintiff has no adequate remedy at law."

acting in their official capacities, and not monetary damages, *Kentucky* v. *Graham* is readily distinguishable on that ground alone, given the fact that the federal courts have applied such a distinction in the disposition of Section 1983 claims. See, *e.g., Stones, supra.* Therefore, with respect to the second issue presented, we affirm the judgment of the court of appeals.

Based on all of the foregoing, we find that the court of common pleas has subject matter jurisdiction over counts two and three of plaintiff's complaint. Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., LOCHER and DOUGLAS, JJ., concur.

HOLMES, WRIGHT and REILLY, JJ., concur in paragraph two of the syllabus but dissent from paragraph one of the syllabus and the judgment.

REILLY, J., of the Tenth Appellate District, sitting for H. BROWN, J.

HOLMES, J., dissenting. I concur in paragraph two of today's syllabus. However, I cannot concur in paragraph one of the syllabus, as R.C. 3335.03 does not constitute a prior waiver of immunity by the state of Ohio for purposes of R.C. 2743.02(A)(1).

Prior to the enactment of the Court of Claims Act, it was a fundamental principle of the common law in Ohio that sovereign immunity applied whenever the state was sued in contract or tort in either state or federal courts. *Raudabaugh* v. *State* (1917), 96 Ohio St. 513, 118 N.E. 102, error dismissed (1918), 248 U.S. 32, overruled on other grounds, *Schenkolewski* v. *Metroparks System* (1981), 67 Ohio St. 2d 31, 21 O.O. 3d 19, 426 N.E. 2d 784; *State, ex rel. Parrott,* v. *Bd. of Public Works* (1881), 36 Ohio St. 409; *Miers* v. *Zanesville & Maysville Turnpike Co.* (1842), 11 Ohio 273; *State* v. *Franklin Bank* (1840), 10 Ohio 91; *Palmer* v. *Ohio* (1918), 248 U.S. 32. The 1912 constitutional amendment to Section 16, Article I of the Ohio Constitution, did not alter this principle, as that amendment is not self-executing. *Schenkolewski, supra; Wolf* v. *Ohio State University Hosp.* (1959), 170 Ohio St. 49, 9 O.O. 2d 416, 162 N.E. 2d 475; *State, ex rel. Williams,* v. *Glander* (1947), 148 Ohio St. 188, 35 O.O. 192, 74 N.E. 2d 82; *Palumbo* v. *Indus. Comm.* (1942), 140 Ohio St. 54, 23 O.O. 259, 42 N.E. 2d 766; *Raudabaugh, supra.* Where the state had not specifically consented to be sued on its contracts in a court of law, an aggrieved contracting party could bring a claim for damages against the state only before the Sundry Claims Board, established in 1917. See former R.C. 127.11 (130 Ohio Laws 58).

Section 16, Article I, Ohio Constitution, provides in part: "Suits may be brought against the state, *in such courts and in such manner,* as may be

provided by law." (Emphasis added.) By this provision, in order to consent to be sued, the state must specify in which courts and in what manner it may be sued. The state, through enactments of the General Assembly, has waived its immunity in several specific instances scattered throughout the Revised Code, indicating both the manner and forum in which it will be amenable to suit. See, *e.g.,* R.C. 111.19 (recovery of fees paid to Secretary of State under protest); R.C. 115.46 (now R.C. 124.10) (garnishment proceedings against the state by a creditor); R.C. 1523.10 (suit to recover on water conservation bonds); and R.C. 5301.24 (state made a party to proceedings to sell real estate in which it has a claim). R.C. 3335.03 is not a consent-to-suit statute of this genre.

In *Wolf, supra,* at 51, 9 O.O. 2d at 417, 162 N.E. 2d at 476, we made the following observation:

"* * * [R.C. 3335.03] was enacted in the year 1870. The constitutional provision was not adopted until 1912. Hence, the statute obviously was not enacted pursuant to the constitutional provision, and, according to its own terms, the latter is not self-executing."

Since this statute fails to intimate in what courts or in what manner suit may be brought against the board of trustees, it cannot be construed to evince a general waiver of immunity for that body and a consent to all suits for damages, whether grounded in tort *or* contract. It was not until enactment of the Court of Claims Act (R.C. Chapter 2743) that the legislature prescribed the manner and forum for bringing suits against the state on the type of employment contract involved *sub judice.*

Under the Act, the Court of Claims has original exclusive jurisdiction over civil suits for money damages against the state. *Boggs* v. *State* (1983), 8 Ohio St. 3d 15, 8 OBR 84, 455 N.E. 2d 1286. "A major purpose of the Court of Claims Act was to centralize the filing and adjudication of all claims against the state. The Court of Claims was created to become the sole trial-level adjudicator of claims against the state, with the narrow exception that specific types of suits that the state subjected itself [to] prior to 1975 could be tried elsewhere as if the defendant was a private party. To permit the court of common pleas to have jurisdiction over claims such as the one herein would contravene this purpose." *Friedman* v. *Johnson* (1985), 18 Ohio St. 3d 85, 87-88, 18 OBR 122, 124, 480 N.E. 2d 82, 84.

The state has not "previously consented to be sued" in contract actions against the Ohio State University Board of Trustees. R.C. 3335.03 merely grants the board only those powers "of suing and being sued" which existed at the time of its enactment, *exclusive of the reach of sovereign immunity* (*i.e.,* mandamus actions and other special proceedings). Once sovereign immunity was waived by operation of R.C. 2743.02(A), the board obtained *all* the rights of suing and being sued inherent in other corporate bodies, with the limitation that the Court of Claims would be the sole forum for such suits. Exceptions to the Court of Claims' exclusive jurisdiction should be strict and narrow. *Friedman,*

*supra,* at 88, 18 OBR at 124, 480 N.E. 2d at 84. The exception created by the majority today is not.

Therefore, I would reverse that portion of the court of appeals' decision dealing with appellee's breach of contract claim and would reinstate the dismissal of that claim by the court of common pleas for lack of subject matter jurisdiction.

WRIGHT and REILLY, JJ., concur in the foregoing opinion.