The STATE, ex rel. SCHUMACHER et al., Appellees,

v.

STATE TEACHERS RETIREMENT BOARD, Appellant.

[Cite as *State, ex rel. Schumacher, v. State Teachers Retirement Bd.* (1989) 65 Ohio App.3d 623.]

Court of Appeals of Ohio,
Franklin County.

Nos. 89AP-753, 89AP-754.

Decided Dec. 14, 1989.

*Martin & Eichenberger, Dennis L. Pergram* and *Robin L. Parker,* for appellees.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Catherine M. Cola,* for appellant.

WILLIAM H. WOLFF, JR., Judge.

Relators-appellees, Howard Schumacher and William Lewis, filed a complaint in the Court of Common Pleas of Franklin County against the State Teachers Retirement Board ("STRB"), seeking, *inter alia,* a declaration that Ohio Adm.Code 3307–01–26(A)(5) is invalid, a writ of mandamus requiring STRB to recalculate relators' retirement benefits without resort to this administrative rule, and damages and attorney fees pursuant to Sections 1983 and 1988, Title 42, U.S.Code.

The trial court declared the administrative rule invalid and granted the writ of mandamus, precipitating an appeal by STRB. The trial court denied relief under Sections 1983 and 1988, Title 42, U.S.Code, prompting a cross-appeal by relators.

STRB asserts the following assignment of error:

"The trial court erred in declaring Rule 3307–01–26(A)(5) invalid and a nullity on the ground that it was an illegal encroachment upon the legislative authority of the State Teachers Retirement Board."

One of the components utilized in calculating retirement benefits under R.C. 3307.01 *et seq.* is a teacher's "final average salary," defined in part at R.C. 3307.01(J) as follows:

" 'Final average salary' means the sum of the annual compensation for the three highest years of compensation for which contributions were made by the member, divided by three. \* \* \* "

The critical word in this definition is "compensation," which is defined at R.C. 3307.01(V)(1):

"Except as otherwise provided in this division, 'compensation' means all salary, wages, and other earnings paid to a member by reason of his employment including compensation paid pursuant to a supplemental contract. Such salary, wages, and other earnings shall be determined prior to determination of the amount required to be contributed to the teachers' savings fund under section 3307.51 of the Revised Code and without regard to whether any of such salary, wages, or other earnings are treated as deferred income for federal income tax purposes."

The legislature has declared that certain items of value are not "compensation." The exception to "compensation," as defined, which is germane to this case is that defined at R.C. 3307.01(V)(2)(f):

"(f) Anything of value received by the member that is based on or attributable to retirement or an agreement to retire, except that payments made on or before January 1, 1989, that are based on or attributable to retirement or an agreement to retire shall be included in compensation if both of the following apply:

"(i) The payments are made in accordance with contract provisions or a policy of the employer in effect prior to March 1, 1986;

"(ii) The employer pays the retirement system an amount specified by the retirement board equal to the additional liability resulting from the payments. The retirement board shall adopt rules for determining whether things of value received are based on or attributable to retirement or an agreement to retire."

Pursuant to R.C. 3307.01(V)(2)(f)(ii), STRB adopted former Ohio Adm.Code 3307–01–26(A)(5):

"(A) Except to the extent specifically authorized by division (V) of section 3307.01 of the Revised Code, compensation for the purpose of administering Chapter 3307. of the Revised Code shall not include and contributions shall not

be made upon any monetary payments to or on behalf of a member which are based upon service retirement or an agreement to apply for service retirement. The following will be presumed to be based upon such retirement or an agreement to retire:

" * * *

"(5) Any percentage increase during the highest full and any partial year of compensation used in the calculation of final average salary which exceeds full-time equivalent earnings for the next preceding highest year by the greater of (a) the member's highest percentage increase in any of the three preceding full years or (b) percentage increase in the same period in the salary schedules generally applicable to employees covered under Chapter 3307. of the Revised Code, unless such increase results from promotion by the member's employer to a position vacated by a prior incumbent or unless the increase results from employment with a different employer." See current Ohio Adm.Code 3307–1–26(F).

 Each relator's 1986–1987 compensation ran afoul of Ohio Adm.Code 3307–01–26(A)(5) and, in determining relators' final average salary, compensation for 1986–1987 was reduced in accordance with the rule, resulting in monthly retirement benefits of approximately $60 less than what they would have been had the rule not been applied.

The undisputed evidence in this case established that no part of the compensation paid to either relator for the 1986–1987 school year was based on or attributable to retirement or an agreement to retire (R.C. 3307.-01[V][2][f]), and that each would have been paid the same regardless of whether or not he retired.

The trial court determined that Ohio Adm.Code 3307–01–26(A)(5) was invalid because it encroached upon the legislature's authority by amending a statutory right. We agree.

 The legislature has defined "compensation." R.C. 3307.01(V)(1). It has also enumerated items that do not constitute compensation. R.C. 3307.-01(V)(2). The rule operates to strip certain earnings that qualify under the statute as "compensation" of their "compensation" status, to the economic detriment of relators. The legislative mandate to STRB to "adopt rules for determining whether things of value received are based on or attributable to retirement or an agreement to retire" was not a mandate to adopt a rule for placing limits on the legislature's own definition of compensation. See *Matz v. J.L. Curtis Cartage Co.* (1937), 132 Ohio St. 271, 8 O.O. 41, 7 N.E.2d 220; *Central Ohio Joint Vocational School Dist. Bd. of Edn. v. Ohio Bur. of Emp. Serv.* (1986), 21 Ohio St.3d 5, 21 OBR 269, 487 N.E.2d 288; *Carroll v.*

*Dept. of Adm. Services* (1983), 10 Ohio App.3d 108, 10 OBR 132, 460 N.E.2d 704. If the legislature wishes to redefine "compensation" to accommodate STRB's concerns in enacting Ohio Adm.Code 3307–01–26(A)(5), it is free to do so.

STRB's assignment of error is overruled.

■ Relators-appellees advance this single assignment of error:

"The trial court committed prejudicial error in its determination that appellees were not entitled to relief under 42 U.S.C. § 1983."

The trial court's primary reason for denying relators relief pursuant to Sections 1983 and 1988, Title 42, U.S.Code, was its determination that STRB was not a person for purposes of Section 1983 claims. We agree with this determination, which is dispositive of this assignment of error. *Will v. Michigan Dept. of State Police* (1989), 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45, holds that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983. * * * " *Id.* at 71, 109 S.Ct. at 2312, 105 L.Ed.2d at 58. This court stated in *Burkey v. Southern Ohio Correctional Facility* (1988), 38 Ohio App.3d 170, 528 N.E.2d 607, that "state agencies are not 'persons' and cannot be sued under Section 1983." *Id.* at 171, 528 N.E.2d at 608. This court stated in *In re Appeal of Ford* (1982), 3 Ohio App.3d 416, 3 OBR 484, 446 N.E.2d 214, that "the State Teachers Retirement Board is a state agency." *Id.* at 418, 3 OBR at 486, 446 N.E.2d at 216. Relators argue that the holding of *Will* does not insulate STRB from a Section 1983 claim for prospective relief, citing footnote 10. Suffice it to say that footnote 10 has no application to this case where relators sought and obtained a writ of mandamus to correct a past injustice in the calculation of their retirement benefits.

Relators' assignment of error is overruled.

The assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCORMAC, P.J., and STRAUSBAUGH, J., concur.

WILLIAM H. WOLFF, JR., J., of the Second Appellate District, sitting by assignment.