OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Jackson AE Associates, Inc., from a judgment of the Ohio Court of Claims, dismissing for lack of subject-matter jurisdiction appellant's complaint, which sought money damages on alleged breach of contract claims.
 {¶ 2} On August 23, 2002, appellant filed a complaint in the Court of Claims against defendant-appellee, Public Employees Retirement System of Ohio ("PERS"). The complaint alleged that PERS had initiated a construction project known as the "PERS Building Renovation and Expansion Project of 277 East Town Street." The complaint further alleged that, on November 9, 1999, PERS entered into an agreement with appellant regarding work on the construction project, and that PERS had subsequently breached the terms of the agreement.
 {¶ 3} On September 4, 2002, PERS filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1). On September 13, 2002, appellant filed a response in opposition to the motion to dismiss.
 {¶ 4} By entry filed October 3, 2002, the Court of Claims dismissed appellant's complaint, finding that it lacked jurisdiction over the claims.
 {¶ 5} On appeal, appellant sets forth the following assignment of error for review:
The trial court erred as a matter of law by ruling that the Court of Claims lacks subject matter jurisdiction over a breach of contract claim for money damages against the Public Employees Retirement System.
 {¶ 6} Under its single assignment of error, appellant contends that the Court of Claims erred in dismissing its complaint for breach of contract against PERS based upon lack of subject-matter jurisdiction.
 {¶ 7} An appeal of a dismissal for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1) is reviewed de novo, and "`the principal inquiry is "whether the plaintiff has alleged any cause of action which the court has authority to decide."' "Pulizzi v. Sandusky,
Erie App. No. E-03-002, 2003-Ohio-5853, at ¶ 5, quoting McHenry v.Indus. Comm. (1990), 68 Ohio App.3d 56, 62.
 {¶ 8} In dismissing appellant's complaint, the Court of Claims implicitly construed the language of R.C. 145.09, providing that the public employees retirement board ("board") "may sue and be sued, plead and be impleaded, contract and be contracted with," as a consent-to-suit provision. The court held that, "since R.C. 145.09 was enacted prior to the Court of Claims Act, the Court of Claims Act does not apply to this action and this court does not have jurisdiction over plaintiff's claims for relief."
 {¶ 9} Appellant raises two primary arguments on appeal: (1) PERS is a distinct instrumentality of the state, amenable to suit in the Court of Claims, and (2) the Court of Claims, in holding that PERS could not be sued for contract money damages in the Court of Claims, failed to distinguish between actions brought against PERS, as an agency or system, as opposed to actions against the board. Appellant maintains that the Court of Claims has exclusive, original jurisdiction over a contract damages claim against PERS because the General Assembly did not otherwise consent to such an action prior to the Court of Claims Act.
 {¶ 10} In general, "[t]he Court of Claims Act, enacted by the General Assembly, effective January 1, 1975, waived sovereign immunity and created a Court of Claims to have exclusive jurisdiction over suits within the contemplation of the Act." Racing Guild of Ohio, Local 304 v.State Racing Comm. (1986), 28 Ohio St.3d 317, 319. However, to the extent the state has previously consented to be sued, "`the Court of Claims Act "has no applicability."'" Id., quoting R.C. 2743.02(A)(1). Accordingly, "any type of action against the state which the courts entertained prior to the Act may still be maintained outside the Court of Claims." Id.
 {¶ 11} R.C. 2743.02(E) provides that "[t]he only defendant in original actions in the court of claims is the state." In asserting that PERS is an instrumentality of the state, appellant relies upon the language of R.C. 2743.01(A), which defines "state" to mean "the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state of Ohio." We note that appellant has cited no cases addressing the issue of whether PERS is an instrumentality of the state.
 {¶ 12} PERS maintains that it is not a state agency or instrumentality of the state, and relies upon a federal case, Cooper v.School Employees Retirement Sys. of Ohio (S.D.E.D. 1988), case No. C-2-88-0060, in which the court considered whether the School Employees Retirement System was an alter ego of the state, for purposes of diversity jurisdiction and Eleventh Amendment immunity. The court inCooper concluded that the School Employees Retirement System was not an alter ego of the state, finding that it acts for the benefits of its members, rather than the state, and that its structure and operations more closely resembles a private pension fund rather than an agency of the state.
 {¶ 13} Our own research reveals no cases addressing the issue of whether PERS is an instrumentality of the state, but we note that this court has previously held (although not in the context of the Court of Claims Act) that the State Teachers Retirement Board "is an instrumentality of the state." In re Ford (1982), 3 Ohio App.3d 416,418. However, this court further held in that case that employment with the board did not constitute employment "in the service of the state" for purposes of R.C. 124.01. Id. at 420. In so holding, this court noted that the funds of the State Teachers Retirement Board are specifically made, pursuant to statute, "a separate legal entity," thus indicating a legislative intent that the funds of the board "not be considered state funds in the general sense." Id. Rather, the court noted that the funds, similar to those of the School Employees Retirement System, constitute trust funds. Under the facts of In re Ford, it was also stipulated that the board did not receive appropriations from the General Assembly for administrative operation of the retirement system.
 {¶ 14} Similar to the statutory framework of the State Teachers Retirement Board, the funds of PERS are made "separate and distinct legal entities." R.C. 145.25. However, unlike the facts of In re Ford, supra, in the instant case there are no stipulations regarding whether or not PERS is funded, at least in part, by legislative appropriations. PERS has cited an opinion of the Ohio Attorney General for the proposition that retirement system funds, although deposited with the treasurer of the state, are not considered "state funds." 1982 Ohio Atty.Gen.Ops. No. 82-082. Rather, according to that opinion, the General Assembly has created certain custodial accounts that, although maintained by the treasurer of the state, "are not part of the state treasury for purposes of appropriation as provided by" the Ohio Constitution. Id.
 {¶ 15} Notwithstanding a review of the relevant statutory provisions, the record in this case is insufficient for us to determine, with certainty, whether a judgment against PERS in a breach of contract action would be completely satisfied from PERS's own funds, and thus not involve payment from the state treasury. However, we need not resolve that issue because, even assuming that a claim against PERS would affect the state treasury, and further assuming PERS to be an "instrumentality of the state," we find no error with the Court of Claims' determination that it lacked jurisdiction based upon the fact that PERS, by virtue of R.C. 145.09, consented to suit prior to the Court of Claims Act.
 {¶ 16} As previously stated, to the extent an action is brought against the state that courts entertained prior to the act, the Court of Claims is not the proper forum. Racing Guild, supra, at 319. As noted by the Court of Claims in the instant case, R.C. 145.09 predates the adoption of the Court of Claims Act, and we agree with the court that the language of R.C. 145.09, providing that the board "may sue and be sued," as well as "contract and be contracted with," constitutes a consent-to-suit provision within the contemplation of R.C. 2743.02(A). See Schwarz v. Bd. of Trustees of Ohio State Univ. (1987),31 Ohio St.3d 267 (construing similar language as a consent-to-suit provision).
 {¶ 17} In an attempt to support its jurisdictional argument, appellant maintains that its action is against PERS as a "system," rather than against the board, asserting that the system was created pursuant to R.C. 145.03, whereas the board has separate enabling legislation under R.C. 145.04. Similar to the Court of Claims, we find unpersuasive appellant's attempt to draw a valid distinction between PERS and the board for purposes of the jurisdictional issue. While R.C. 145.03 sets forth the creation of a "public employees retirement system * * * for the public employees of the state," R.C. 145.04 provides that "[t]he general administration and management of the public employees retirement system and the making effective of Chapter 145. of the Revised Code, are hereby vested in * * * the `public employees retirement board.'" Further, in addition to the consent-to-suit language of R.C. 145.09 pertaining to the board, that statute further provides, "[a]ll of its business shall be transacted * * * in the name of the board, or its nominee." Pursuant to the above statutory provisions, the "system" itself is made effective by, and acts through, its governing body, the board, which is authorized to administer and manage PERS. Thus, the board constitutes a part of PERS, acting on behalf of the system in a fiduciary manner, and we find no merit to appellant's contention that the board and PERS constitute separate legal entities.
 {¶ 18} Finally, in arguing that the Court of Claims erred in holding that the Court of Claims Act did not apply to claims for breach of contract against PERS, appellant argues that this court should find persuasive the minority opinion in the Ohio Supreme Court's decision inSchwarz, supra. We initially note that the majority opinion in Schwarz
held that, pursuant to R.C. 3335.03 and 2743.02(A)(1), "an action in contract may be brought against the Board of Trustees of the Ohio State University in the court of common pleas." Id., at paragraph one of the syllabus. At the time of the Schwarz decision, the language of R.C. 3335.03
vested the board of trustees with the right "of suing and being sued, of contracting and being contracted with." Id. at 269. The majority inSchwarz interpreted this language to "expressly set forth the type of action that may be brought against the board of trustees in a court of general jurisdiction." Id. at 271. Thus, because R.C. 3335.03 was enacted prior to the Court of Claims Act, the Supreme Court affirmed the appellate court's determination that the common pleas court erred in sustaining appellee's motion to dismiss upon the jurisdictional grounds that the action must be brought in the Court of Claims.
 {¶ 19} In Schwarz, the dissent asserted that permitting the court of common pleas to have jurisdiction over such claims would contravene the Court of Claims Act. Specifically, the dissent argued that, "[s]ince this statute fails to intimate in what courts or in what manner suit may be brought against the board of trustees, it cannot be construed to evince a general waiver of immunity for that body and a consent to all suits for damages." Id. at 275.
 {¶ 20} Appellant acknowledges that the language interpreted by the majority in Schwartz as authorizing consent to be sued, within the contemplation of R.C. 2743.02(A), is essentially identical to the language of R.C. 145.09. Apart from the obvious fact that this court, as an intermediate appellate court, is not free to ignore the Supreme Court's controlling majority opinion, we find unpersuasive appellant's argument on this issue. Rather, as previously addressed, we find that the Court of Claims properly concluded that R.C. 145.09 constitutes a consent-to-suit provision and predates the Court of Claims Act, thereby requiring that court to dismiss appellant's action for breach of contract for lack of subject-matter jurisdiction.
 {¶ 21} Accordingly, because the Court of Claims did not err in dismissing appellant's complaint, appellant's single assignment of error is overruled, and the judgment of the Ohio Court of Claims is hereby affirmed.
Judgment affirmed.
Lazarus and Watson, JJ., concur.