OPINION
{¶ 1} Appellant-appellant, Lloyd E. Atkinson, appeals from a judgment of the Franklin County Court of Common Pleas that affirmed an order of the State Personnel Board of Review ("board") dismissing appellant's appeal for lack of jurisdiction. Because the board properly concluded it lacked jurisdiction to hear appellant's R.C. Chapter 124 appeal, we affirm.
 {¶ 2} In a March 1, 2004 letter to the board, appellant sought to appeal the February 20, 2004 decision of defendant-appellee, Portage Area Regional Transportation Authority ("PARTA"), that removed him from his position as maintenance manager. Appellant asserted that, as maintenance manager, "he was entitled at all times relevant to this appeal to the benefits of an employee in the classified service of a political subdivision of this state," and that his removal violated R.C. 124.34. PARTA responded on March 8, 2004, with a motion to dismiss, contending the board lacked jurisdiction to hear appellant's appeal. Following the parties' fully briefing the issue, the Administrative Law Judge ("ALJ") issued a report and recommendation to dismiss the matter for lack of jurisdiction under R.C. 124.03.
 {¶ 3} On November 1, 2004, appellant filed objections to the ALJ's report and recommendation. Following PARTA's response, appellant replied and, in addition, requested that the board allow him to supplement the record "regarding the question of whether [the board] possesses subject matter jurisdiction" in this matter. On December 16, 2004, the board, through its executive director, advised appellant that on or before January 6, 2005, he could file clarification with the board concerning the areas of the record appellant wished to supplement and the types of questions appellant would be interested in pursuing. Appellant responded on January 3, 2005, through a letter from counsel with attachments. The board subsequently issued its order with accompanying opinion, explaining that it lacked subject matter jurisdiction over appellant's appeal.
 {¶ 4} On March 7, 2005, appellant filed a motion for reconsideration and a brief in support of the motion. Following PARTA's response, the board issued a final order denying the motion for reconsideration and allowing the previous order and opinion to stand as entered.
 {¶ 5} On April 6, 2005, appellant appealed to the Franklin County Court of Common Pleas. By decision and judgment entry of January 19, 2006, the common pleas court affirmed the order and opinion of the board. Appellant appeals, assigning two errors:
First Assignment of Error
The court below erred in holding that the SPBR lacks jurisdiction over the subject matter of Atkinson's appeal.
Second Assignment of Error
The court below erred when it did not — at a minimum — remand Atkinson's appeal to the SPBR with instructions to afford Atkinson an opportunity to set forth evidence in a record hearing to support his claim that the SPBR can exercise jurisdiction over the subject matter of his appeal.
1. First Assignment of Error.
 {¶ 6} Appellant's first assignment of error contends the common pleas court erred in holding that the board lacks jurisdiction to consider appellant's appeal from his termination as maintenance manager with PARTA. Under R.C. 119.12, when a common pleas court reviews an order of the administrative agency, the common pleas court must consider the entire record to determine whether the agency's order is supported by reliable, probative and substantial evidence and is in accordance with law.Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108,110-111. By contrast, an appellate court's review is more limited. Provisions Plus Inc. v. Ohio Liquor Control Comm.,
Franklin App. No. 03AP-670, 2004-Ohio-592, at ¶ 8, citing Ponsv. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619. The appellate court determines whether the trial court abused its discretion. Id. Absent an abuse of discretion, the appellate court may not substitute its judgment for that of the administrative agency or the common pleas court. Id. An appellate court, however, has plenary review of purely legal questions. Id.
 {¶ 7} Pursuant to R.C. 124.03, the board may hear appeals from employees in the classified state service who are discharged from employment. R.C. 124.01(B) defines "state service" to include "all such offices and positions in the service of the state, the counties, and general health districts thereof, except the cities, city health districts, and city school districts." See, also, R.C. 124.01(C) (defining "classified service" as "the competitive classified civil service of the state, the several counties, cities, city health districts, general health districts, city school districts thereof, and civil service townships"); R.C. 124.01(A) (defining "civil service" to include "all offices and positions of trust or employment in the service of the state and the counties, cities, city health districts, general health districts, and city school districts thereof"). Appellant contends that PARTA in effect is an instrumentality of the county, rendering its decisions subject to appeal under R.C.124.03.
 {¶ 8} Contrary to appellant's contentions, PARTA's decision to terminate his employment is not subject to review under R.C.124.03. Spitaleri v. Metro Regional Transit Auth. (1981),67 Ohio App.2d 57; Gehring v. Miami Valley Regional Transit Auth.
(Apr. 25, 1983), Montgomery App. No. CA 8172.
 {¶ 9} Spitaleri concluded that employees of a regional transit authority are not "entitled to the wages and certain fringe benefits found in R.C. Chapters 121 and 124." Id. at 57. In reaching its conclusion, Spitaleri reasoned that the legislature intended a regional transit authority to be a hybrid employer with powers both of government and private corporations. See R.C. 306.31. Pointing to R.C. 306.45 and its provisions regarding regional transit employee participation in the public employees retirement system, Spitaleri stated that "integrating R.C. 306.45 and R.C. 145.01" exemplifies "a legislative intent that RTA [regional transit authority] employees are to be public employees for the specific and limited purpose of participating in PERS." Spitaleri, supra. As the court explained, "[i]t can be argued, persuasively, that if RTA employees were intended to be public employees for all purposes, then there would have been no need for R.C. 306.45." Id.
 {¶ 10} Spitaleri articulated other factors it deemed persuasive in determining that regional transit employees are not subject to the board's jurisdiction. The court compared the statutes authorizing county transit systems, R.C. 306.01 through306.13, with those statutes authorizing regional transit systems, R.C. 306.31 et seq., and found significant differences in the authority, regulations and responsibilities that apply to the differing entities. "County transit system (CTS) employees, for example, are subject to civil service organization and procedure. R.C. 306.04. This is not the case with RTA employees. Compare, R.C. 306.30 et seq. to R.C. 124.11(B) and 4117.01(B). CTS employees are expressly exempt from vacation, holiday and sick leave privileges. This is not the case with RTA employees."Spitaleri, supra. The court deemed "the above comparisons noteworthy because CTS employees are by definition county employees and, barring exemption, covered by said benefits. The absence of a similar exemption for RTA employees is consistent with the definition of a RTA. It is neither the state nor the county in the political sense. See R.C. 306.31 and 306.01." Id.
 {¶ 11} Relying heavily on Spitaleri, Gehring concluded that a supervisory employee of a regional transit authority whose employment is terminated without any stated cause is not entitled to the termination procedures outlined in R.C. 124.34. Explaining its decision, the court noted that a regional transit authority, a creature of statute, is "a political subdivision of the state and a body corporate with all the powers of a corporation." Id., quoting Spitaleri, at 62. As the court observed, all power and authority of a regional transit authority, unlike a county, is vested in a board of trustees, which may exercise that authority within the limitations set forth in R.C. 306.30 through 306.47. Like Spitaleri, the Gehring court found R.C. 306.45
significant in that the statute specifically provides that employees and officers of a regional transit authority are deemed public employees for purposes of the public employees retirement system, but fails to include them for any other purpose.
 {¶ 12} Consistent with the rationale of Spitaleri, Gehring
ultimately concluded that R.C. 306.34, and the power it vests with a board of trustees of a regional transit authority to develop its own manner of selecting its employees, reflects a legislative intent "not to confer upon RTA employees the benefits of R.C. Chapter 124." Gehring thus determined "the trial court did not err in sustaining the motion of Miami Valley Regional Transit Authority to dismiss appellant's complaint for the reason that it did not state a claim upon which relief could be granted[,]" as an employee of a regional transit authority who has been terminated without cause given is not entitled to the termination procedures outlined in R.C. 124.34.
 {¶ 13} Despite the existing authority that persuasively concludes a regional transit authority's employees are public employees only for purposes of the public employees retirement system and are not entitled to the benefits of R.C. 124.34, appellant contends this court's decision in In re Ford (1982),3 Ohio App.3d 416, mandates, at the very least, that this matter be referred to the board for a hearing to develop the evidence which may bring appellant's case within the parameters set forth in Ford. Appellant's contention is unconvincing.
 {¶ 14} Specifically, appellant contends that just as Ford
held the State Teachers Retirement System is in the "state service" because it is an "instrumentality of the state," so PARTA can be in the county service as an instrumentality of a political subdivision, the county. Ford actually addressed appellant's contentions and stated that "R.C. 124.01 includes only specified political subdivisions within the definition of civil service, so that employment with all other political subdivisions, such as townships, local school districts, conservancy districts, court districts, and other political subdivisions, whether constituting more than one or only part of one county, are not included within the definition of civil service." Ford, supra. Because a regional transit authority is a political subdivision, and also a body corporate, it is not among the entities falling within the definition of state, classified or civil service. Therefore, R.C. 124.03 does not apply to decisions of regional transit authorities terminating its employees. Appellant's first assignment of error is overruled.
2. Second Assignment of Error.
 {¶ 15} Appellant contends that at the least he should be able to return to the board, produce evidence, have a hearing, and let the board determine the matter based on the evidence. Appellant's contention is unpersuasive, as the issue raised in his appeal is not one of fact, but of law. As a matter of law, the decisions of regional transit authorities to terminate employment are not subject to appeal under R.C. 124.34. Appellant's second assignment of error is overruled.
 {¶ 16} Having overruled appellant's two assignments of error, we affirm the judgment of the common pleas court.
Judgment affirmed.
FRENCH and TRAVIS, JJ., concur.