Bettman, J.
 

 The record presents the question whether the pay of a state employee is subject to garnishment. Despite its breadth and wide application,
 
 *56
 
 the question is- in this court for the first time. The judgment creditor, plaintiff, joining as named defendants the Industrial Commission of the state of Ohio, the Treasurer of State, and the Auditor of State, seeks to reach money owing to the judgment debtor as salary due him from the Industrial Commission of Ohio, an agency of the state. Plaintiff admits that his action is against the state, and bases his right upon the 1912 amendment to Section 16 of the Ohio Bill of Eights, and upon the contention that the state is a body politic and so subject to garnishment under Section 11760, General Code. Plaintiff further urges that it is sound public policy for citizens to pay their debts, and to that end that the pay of state employees should not be immune from garnishment.
 

 The Attorney General contends that a garnishment action against the state is not authorized by any existing Ohio laws, and that administrative practice for a long period of time has so recognized. The Court of Appeals of the Second Appellate District, basing its action on its own recently published opinion in
 
 Wiesenthal, Trustee,
 
 v.
 
 Wickersham, supra,
 
 held the state subject to garnishment. That opinion, recognized by the Court of Appeals as blazing a new trail, broadly stated: “It is our determination that the state of Ohio is a body politic, and that by the plain provisions of Section 11760, General Code, garnishee process may issue against the state officers, and further that such proceeding is not contrary to public policy. ’ ’
 

 It is recognized by all that without its consent the state cannot be sued — a doctrine stemming from the ancient concept that “the king can do no wrong.”
 
 State
 
 v.
 
 Franklin Bank of Columbus,
 
 10 Ohio, 91;
 
 Miers
 
 v.
 
 Turnpike Co.,
 
 11 Ohio, 273.
 

 But consent is here claimed to flow from the 1912 amendment to Section 16 of the Ohio Bill of Eights, and from Section 11760, General Code.
 

 
 *57
 
 Section 16 of the Bill of Rights provides:
 

 “All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and
 
 shall have
 
 justice administered without denial or delay.
 
 Suits may be brought against the state, in such courts and in such manner, as may be provided by law.”
 
 (1912 amendment in italics.)
 

 This constitutional amendment by its terms is permissive only, and obviously contemplates future legislative enactment to carry its purpose into effect. In
 
 Raudabaugh
 
 v.
 
 State,
 
 96 Ohio St., 513, 118 N. E., 102, it was held by this court that this amendment was not self-executing, paragraph two of the syllabus stating:
 

 “The provision of the Ohio Constitution, Article I, Section 16, as amended September 3, 1912, that ‘Suits may be brought against the state, in such courts and in such manner, as may be provided by law,’ is not self-executing; and statutory authority is required as a prerequisite to the bringing of suits against the state. ’ ’
 

 Plaintiff and the court below admit the force of this decision, but point to Section 11760, General Code, as supplying the needed ‘ ‘ statutory authority. ’ ’ This section provides:
 

 “When a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, any equitable interest which he has in real estate, as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person, or
 
 body politic
 
 or corporate, shall be subject to the payment of the judgment, by action.” (Italics ours.)
 

 It is readily admitted that a dictionary definition
 
 *58
 
 of the phrase “body politic” would include the state. Webster defines “body politic” as “the state or nation as an organized political body; the people collectively.” But does it follow that the inclusion of the phrase “booty politic” in this general statute relating to garnishments, shall, as a matter of law, be given the effect of making the state subject to garnishment suits? Here, we believe, is the pivot of the error of the court below. Law is not mere lexicography. There are multiple reasons bottomed on legal principles why Section 11760, General Code, should not be given the effect of permitting garnishment actions against the state.
 

 It should first be observed that the provisions of Section 11760, General Code, have been part of the statutory law of Ohio since 1831 (29 Ohio Laws, 84), and existed in their present identical language in 1912, the year in which the constitutional amendment was passed. Difficult as it is to believe, the permission granted by the 1912 constitutional amendment has never been generally acted upon by the General Assembly. As observed by Judge Jones in
 
 Raudabaugh
 
 v.
 
 State, supra,
 
 at 514, “No legislative action has been taken authorizing suits against the state in pursuance of that amendment.” Except for the unrelated provisions of Section 8542-1, General Code, enacted in 1937, permitting the state to be made a party in foreclosure proceedings, this statement of Judge Jones in 1917 is still true today. Shall we now, in 1942, unite in legal wedlock the century-old provisions of Section 11760, General Code, with the forward-looking but generally unacted upon constitutional amendment of 1912? We think not. To do so would be to sanctify by a forced construction of the statute that which the calendar denies.
 

 Secondly, it is an ancient legal principle that the consent of the state to be sued must be an express, not an implied consent. As set forth in Broom’s Legal
 
 *59
 
 Maxims (9 Ed.), 51, “the king is not bound by any statute, if he be not expressly named to be so bound.” This principle is time honored in Ohio. Paragraph three of the syllabus of
 
 State, ex rel. Parrott,
 
 v.
 
 Board of Public Works,
 
 36 Ohio St., 409, reads: “The state is not bound by the terms of a general statute, unless it be so expressly enacted.” In the court’s opinion by Chief Justice Mcllvaine, the reason underlying this principle of expressed consent is thus stated: “The doctrine seems to be, that a sovereign state, which can make and unmake laws, in prescribing general laws intends thereby to regulate the conduct of subjects only, and not its own conduct.” See, also,
 
 State, ex rel. Atty. Genl.,
 
 v.
 
 Cincinnati Cent. Ry. Co.,
 
 37 Ohio St., 157, 176;
 
 State, ex rel.,
 
 v.
 
 Cappeller,
 
 39 Ohio St., 207;
 
 Raudabaugh
 
 v.
 
 State, supra.
 
 It would, we conclude, be a violation of this time honored legal principle to hold that the words “body politic” in Ohio’s general garnishment statute (Section 11760, General. Code), constitute an express legislative consent that the state can be garnisheed.
 

 Lastly, this amendment of 1912 providing that, “suits may be brought against the state, in such courts and in such manner, as may be provided by law ” is by its terms no more than a constitutional authorization for action by the General Assembly. No general legislative action thereunder has ever been taken. Where, then, will we find a designation of “such courts” and a setting up of “such manner” for the bringing of suits against the state? Plaintiff: and the court below point only to Section 11760, General Code. Does that fill the pattern indicated by the amendment? We think not. Section 11760 makes no reference whatsoever to courts. Nor does it contain any provisions relating to the manner in which suits should be instituted. Section 11760 is obviously and historically merely a statutory recognition in Ohio of the right of a judgment creditor to reach “by action” equitable interests in
 
 *60
 
 his debtor’s property formerly reachable by a credit- or’s bill in chancery.
 
 Brooks
 
 v.
 
 Raynolds,
 
 59 F., 923. Whence comes the right to name the Auditor of State and the Treasurer of State as defendants? Why not name the Governor or the Attorney General? Appellee can point to no place in Section 11760 where it is “provided by law” what officers are to be named and served when it is sought to sue the state. And so if this court should validate the decision of the court below, we, as judges, would be determining the “courts” and the “manner” in which the state was to be sued. That determination is clearly a legislative, not a judicial, function. The essence of “a government of laws and not of men” lies in its separation of powers. ' It must be left to the General Assembly to determine in what courts and in what manner suits against the state are to be brought.
 

 Laws have been enacted which provide in some instances for the maintenance of suits against subdivisions of the state, but none providing for the maintenance of suits against the sovereign state itself neither specifying the courts in which suits may be maintained nor the manner of service of process. Subdivisions-of the state are not entitled to the same immunities as the state itself. Officers of a county are subject to garnishment under Section 11829, General Code.
 
 Uricich
 
 v.
 
 Kolesar,
 
 132 Ohio St., 115, 5 N. E. (2d), 335. Although the Legislature has made limited provision by statute for the maintenance of suits against a county, there is no similar statute applicable to the state.
 

 There is an intimation in the adopted opinion of the court below that this type of action is something less than a suit against the state, which view would make the legal principles herein discussed inapplicable. True, if all goes smoothly, the state, in common parlance, will not be a loser. It will be moneys owed by the state to the judgment debtor that will be paid over.
 
 *61
 
 But the judgment creditor in this proceeding is not just passing the hat around to the state officials. He has brought a proceeding claiming it to be under Section 11760, General Code, which provides that the relief sought may be gotten “by action.” An action is defined by Section 11237, General Code, as “an ordinary proceeding in a court of justice, involving-process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense.” What is here before us is intended to and does have all the elements of an adversary proceeding. And if the state officials should in violation of the court’s judgment pay over to the judgment debtor, the judgment creditor would seek an order requiring payment from state funds. Counsel for plaintiff frankly admits his action is against the state claiming it to be a “body politic,” and therefore within the category of permissible defendants under Section 11760, General Code. Whatever difference, if any, there may be between the right to maintain a suit against the state as garnishee and the right to maintain a suit against the state as the party which must primarily pay is, we believe, a factor for the consideration of the General Assembly and not for the courts.
 

 Although the question at bar turns on Ohio’s constitutional and statutory provisions, an interesting side light is afforded by the case of
 
 State, ex rel. Allen,
 
 v.
 
 Cook,
 
 171 Tenn., 605, 106 S. W. (2d), 858. The Tennessee Constitution, Section 17, Article 1, provided, in terms almost identical with Ohio’s, that “suits may be brought against the state in such manner and in such courts as the Legislature may by law direct. ’ ’ Tennessee in 1933 enacted legislation permitting “Garnishment of salaries, wages * * *” due from the state of Tennessee to any officers or employee thereof; and further expressly provided “that garnishment notice in
 
 *62
 
 such cases shall be served on the comptroller of the state of Tennessee and the commissioner of that department in which such official or employee shall be engaged or with which he or she is connected.” Nonetheless, the Supreme Court of Tennessee in dismissing garnishment proceedings against the state in that case ruled at pages 609, 610 and 611:
 

 “It is contended on behalf of the relators that a statute to be valid under the above provision of the Constitution must provide the manner and designate the court or courts in which action against the state may be brought. We think this is undoubtedly true.
 

 “The defendant contends that the constitutional requirement that the Legislature direct the ‘manner’ in which the state may be sued is taken care of in the act by the provision that the garnishment proceedings shall be ‘in the same way that the salary of any county or municipal official or employee is subject to garnishment for his debts.’ However, the act in question, when read in connection with Sections 8646, 9437, 9438, and 9439 of the Code, is not workable against the state. These sections provide the manner in which garnishment may be brought to final judgment and be collected by execution. As stated in the brief for the relators, should final judgment after the issuance of
 
 scire facias
 
 be set up against the comptroller and the commissioner of the department in which the employee is engaged, there would be no further remedy save possibly a mandamus suit to compel the comptroller and the commissioner to issue vouchers in payment of the judgment and to perform a ministerial duty. It seems obvious, therefore, that the Legislature failed to designate a full and complete ‘manner’ * * * in which the state can be sued in a garnishment proceeding.
 

 “Article 1, Section 17, of the Constitution, delegating the Legislature the power to authorize suits against the state, being in derogation of the state’s in
 
 *63
 
 herent exemption from suit, must itself be strictly construed; hence legislation authorizing suits against the state must strictly pursue the constitutional requirements, and be so plain, clear, and unmistakable in its provisions as to the manner and form in which such suits may be brought as to leave nothing to surmise or conjecture.”
 

 If the Supreme Court of Tennessee having before it a constitutional permissive provision almost identical with Ohio’s, and with a legislative enactment in explicit terms obviously intended to act upon the constitutional permission granted, could not find garnishment against the state legal, how can this court, with no statute explicit or non-explicit on the subject, and no relevant statute at all passed after the enactment of the constitutional permission, be expected to find any authority in Ohio law for garnishment against the state ? The simple truth is that the door opened by the constitutional amendment of 1912 has never been entered by the Legislature, either generally or specifically with respect to garnishment action. Until that is done, garnishment against the state of pay due state employees is not in Ohio “provided by law.”
 

 Plaintiff strongly contends it “to be within the contemplation of public good, advancement of justice and the prevention of injury and wrong to see that the employees of either the state or private individuals should pay their honest and just debts.” And the Court of Appeals concludes in
 
 Wiesenthal, Trustee,
 
 v.
 
 Wickersham, supra,
 
 “that it should be against public policy for the state of Ohio to have its state officers lend their aid to a judgment debtor who does not want to pay his honest debts.” With these sentiments the members of this court are in complete accord. But these are considerations of policy to be addressed to the Legislature. To carry them into effect, all that is necessary is adequate legislation determining the courts and the manner in which garnishment actions
 
 *64
 
 against the state are to be carried forward. Until such legislation is passed the orderly processes of government in Ohio require us to hold that a suit such as the one at bar cannot be maintained.
 

 Although defendants in the Municipal Court made a motion to quash the service of summons against the defendants, no assignment of error to its overruling was made in this'court. The principal assignment of error here is to the overruling of defendants’ demurrer. However in view of the nature of the case and the legal principles underlying the holding herein made, it becomes obvious that no amendment to appellee’s petition could cure the defects which warrant the overruling of the demurrer. Accordingly the judgment of the court below is reversed.
 

 Judgment reversed and judgment for appellants.
 

 Matthias, Hart and Zimmerman, JJ., concur.
 

 Weygandt, C. J., Turner and Williams, JJ., dissent.