PEKOC, APPELLANT, *v.* THE STATE OF OHIO, APPELLEE, ET AL.

(No. 52045—Decided May 4, 1987.)

*Buckley, King & Bluso* and *Thomas W. Connors,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James E. Musurca,* for appellee state of Ohio.

*Thomas C. Pavlik,* for Jenkins Distributors, Inc., Ike Jenkins and Turner Smith.

NAHRA, P.J. Robert Pekoc appeals the decision of the court of common pleas dismissing his complaint for lack of subject matter jurisdiction.

Pekoc filed an action in the nature of a creditor's bill against his judgment debtors and the state of Ohio. Pekoc sought to have certain monies allegedly owed by the state to the judgment debtors to be applied to the debt which the debtors owed him. The state moved for summary judgment and dismissal of the action on the ground that, pursuant to R.C. Chapter 2743, the common pleas court lacked subject

matter jurisdiction over the claim. The trial court granted the motion for summary judgment and dismissed the case.

The plaintiff has timely appealed, raising the following assignment of error:

"The trial court erred in dismissing appellant's creditor's bill as being barred by the sovereign immunity doctrine, despite the state's consent to such suits."

The appellant argues that the court of common pleas has jurisdiction over creditor's suits against the state, as Ohio has consented to such suits by the enactment of Section 16, Article I of the Ohio Constitution and R.C. 2333.01.

For many years, the judicially created doctrine of sovereign immunity prevented suits from being brought against the state. The first major assault on the doctrine was a constitutional amendment enacted in 1912 which provides that the state may be sued in the courts in such manner as provided by law. Section 16, Article I of the Ohio Constitution reads:

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.

"Suits may be brought against the state, in such courts and in such manner, as may be provided by law."

In interpreting this amendment, the Ohio Supreme Court has held that the amendment is not self-executing and "that legislative authority by statute is required as a prerequisite to the bringing of an action against the state * * *." *Raudabaugh* v. *State* (1917), 96 Ohio St. 513, 518, 118 N.E.

102, 103.[1] In response to the doctrine that the state could not be sued in its own courts without its express consent, the legislature, in 1975, enacted the Court of Claims Act. The Act waives the immunity of the state and grants consent for the state to be sued. R.C. 2743.02 provides in pertinent part:

"(A) The state hereby waives, in exchange for the complainant's waiver of his cause of action against state officers or employees, its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, subject to the limitations set forth in this chapter. To the extent that the state has previously consented to be sued, this chapter has no applicability."

The Act creates a Court of Claims, which is to have exclusive, original jurisdiction in all actions under the Act. R.C. 2743.03 provides in part:

"(A) There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims and of determinations pursuant to sections 123.54 and 123.55 of the Revised Code, and jurisdiction to hear appeals from the decisions of the court of claims commissioners. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims."

---

[1] Recently, the Supreme Court recognized that the immunity doctrine is also subject to judicial modification or abrogation. *Schenkolewski* v. *Metroparks System* (1981), 67 Ohio St. 2d 31, 21 O.O. 3d 19, 426 N.E. 2d 784, paragraph one of the syllabus.

The Act further provides that "* * * [t]o the extent that the state has previously consented to be sued, this chapter has no applicability." R.C. 2743.02(A). Consequently, "the Court of Claims * * * [is] not to have exclusive, original jurisdiction over claims from which the state was not immune prior to the effective date of the Act. * * *" *Friedman* v. *Johnson* (1985), 18 Ohio St. 3d 85, 86, 18 OBR 122, 123, 480 N.E. 2d 82, 83; *State, ex rel. Ferguson,* v. *Shoemaker* (1975), 45 Ohio App. 2d 83, 74 O.O. 2d 109, 341 N.E. 2d 311.

The appellee state argues that pursuant to R.C. Chapter 2743 the only proper forum for the appellant's claim is the Court of Claims, not the court of common pleas. The appellant, however, asserts that R.C. 2333.01 allows a creditor's bill to be brought against the state in the court of common pleas. R.C. 2333.01 provides:

"When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action, due or to

become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action."

The appellant contends that R.C. 2307.01,[2] R.C. 2305.01[3] and Civ. R. 4.2 (10)[4] provide the courts and manner in which creditor's suits against the state are to be brought, as required by the 1912 amendment, and that read together these provisions waive Ohio's immunity from creditor's bills in the court of common pleas.

The appellant emphasizes that R.C. 2743.02(A) expressly provides that R.C. Chapter 2743 does not limit the jurisdiction of courts to hear actions which previously could be brought against the state. The appellant reasons that since, pursuant to R.C. 2333.01, the state had already consented to be sued in creditor's bills, such actions were not affected by the enactment of R.C. Chapter 2743 and, consequently, the Court of Claims does not have jurisdiction in this case.

The appellant finds consent by the state to be sued in a creditor's bill from the phrase "body politic." The appellant cites *Palumbo* v. *Indus. Comm.* (1942), 140 Ohio St. 54, 23 O.O. 259, 42 N.E. 2d 766, for the court's statement

---

[2] R.C. 2307.01 provides:

"An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense."

[3] R.C. 2305.01 provides in part:

"The court of common pleas has original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts and appellate jurisdiction from the

decisions of boards of county commissioners."

[4] Civ. R. 4.2 provides in part:

"Service of process, except service by publication as provided in Rule 4.4(A), pursuant to Rule 4 through Rule 4.6 shall be made as follows:

"* * *

"(10) Upon this state or any one of its departments, offices and institutions as defined in Section 121.01(C), Revised Code, by serving the officer responsible for the administration of the department, office or institution or by serving the attorney general of this state[.]"

that "a dictionary definition of the phrase 'body politic' would include the state. * * *" *Id.* at 57-58, 23 O.O. at 261, 42 N.E. 2d at 768. In *Palumbo,* however, the Ohio Supreme Court refused to allow a garnishment action against the state under G.C. 11760, predecessor to R.C. 2333.01, for three reasons. First, the court noted that G.C. 11760 had been in existence since 1831, much before the 1912 amendment allowing suits against the state. The court further noted that at the time of the *Palumbo* action the legislature still had not enacted legislation authorizing suits against the state, as required under *Raudabaugh, supra.* The court concluded that to "unite in legal wedlock the century-old provisions of Section 11760, General Code, with the forward-looking but generally unacted upon constitutional amendment of 1912 * * * would be to sanctify by a forced construction of the statute that which the calendar denies." *Palumbo, supra,* at 58, 23 O.O. at 261, 42 N.E. 2d at 769. Second, the court stated that the words "body politic" did not convey an express legislative consent to be sued in garnishment actions. Third, the court held that the legislature had not provided in what courts and in what manner suits were to be brought against the state, as required by the 1912 amendment.

The appellant attempts to argue that the holding in *Palumbo* is not applicable since, following the 1942 *Palumbo* decision, and prior to the enactment of R.C. 2743.02, the legislature enacted R.C. 2333.01 and thus authorized suits against the state in a creditor's bill, as required by the 1912 amendment. However, R.C. 2333.01 is almost identical in wording to G.C. 11760,[5] the 1953 enactment of R.C. 2333.01 merely being a recodification of the prior statute. Consequently, this court is compelled to follow the holding in *Palumbo,* despite the fact that this result flies in the face of the plain meaning of the phrase "body politic." This court is well aware that this action is merely a collection procedure, not an action against the state, but through the state, and that the court of common pleas would be a more convenient and logical forum, but it is the Supreme Court's role to make any changes in its prior determination in this matter. We therefore hold that the trial court lacked jurisdiction over the appellant's claim.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

ANN MCMANAMON and CORRIGAN, JJ., concur.

---

[5] G.C. 11760 provided:

"When a judgment debtor has no personal or real property subject to levy on execution sufficient to satisfy the judgment, any equitable interest which he has in real estate, as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person, or body politic or corporate, shall be subject to the payment of the judgment, by action."