AVALON DISTRIBUTING, INC., Appellant,

v.

P.S. OPERATIONS, INC.; Ohio Department of Human Services, Appellee.

[Cite as *Avalon Distrib., Inc. v. P.S. Operations, Inc.* (1991), 76 Ohio App.3d 615.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–728.

Decided Dec. 24, 1991.

*Roetzel & Andress, Bradley L. Snyder, George M. Hoffman* and *Robin Lampkin–Saunders,* for appellant.

*Richard Goldberg,* for P.S. Operations, Inc.

*Lee Fisher,* Attorney General, and *Karen Lazorishak,* Assistant Attorney General, for appellee Ohio Department of Human Services.

---

PEGGY BRYANT, Judge.

Plaintiff-appellant, Avalon Distributing, Inc., appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Ohio Department of Human Services ("ODHS").

On November 5, 1987, plaintiff filed an action in the common pleas court against ODHS and defendant, P.S. Operations, Inc. ("PSO"). Plaintiff alleged that on June 19, 1987, it had taken judgment against PSO in the Common Pleas Court of Cuyahoga County in the amount of $12,270.19, plus interest at the rate of twenty-one percent per annum from March 1, 1987. Plaintiff further alleged that PSO had an equitable or other interest in certain Medicare or Medicaid reimbursement monies which ODHS was holding pending a final audit of PSO. Plaintiff sought an order directing ODHS to pay and apply all monies it held on PSO's behalf to satisfy the judgment plaintiff had taken against PSO.

Ultimately, the parties filed cross-motions for summary judgment, ODHS contending that the common pleas court lacked subject-matter jurisdiction to hear plaintiff's action. The trial court granted ODHS' motion for summary judgment, overruling plaintiff's motion. Further, on an agreed order between the parties, the trial court granted summary judgment for plaintiff against PSO. Plaintiff appeals therefrom, assigning the following error:

"The trial court in granting defendant-appellee's motion for summary judgment, erroneously ruled that it lacked subject matter jurisdiction to hear this creditor's bill action."

Plaintiff first argues that the common pleas court does have subject-matter jurisdiction to hear a creditor's bill action against ODHS.

While the doctrine of sovereign immunity for some time prevented actions against the state, the legislature in 1975 enacted the Court of Claims Act, waiving the state's immunity and consenting to be sued. Specifically, R.C. 2743.02(A)(1) states:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between

private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

Pursuant to the Act, the Court of Claims was granted "exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code * * *." R.C. 2743.03. Read in conjunction, those sections indicate that the Court of Claims does not "have exclusive, original jurisdiction over claims from which the state was not immune prior to the effective date of the Act. * * *" *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 86, 18 OBR 122, 123, 480 N.E.2d 82, 83.

Within those parameters, and relying heavily on *Palumbo v. Indus. Comm.* (1942), 140 Ohio St. 54, 23 O.O. 259, 42 N.E.2d 766, ODHS asserts that the Court of Claims has exclusive, original jurisdiction over plaintiff's creditor's bill action against ODHS. By contrast, plaintiff asserts that the action against ODHS is a creditor's bill action attempting only "to attach funds due and owing a third party as already established" by the judgment taken in Cuyahoga County. As a result, plaintiff asserts that the action is not truly against the state, and is therefore outside the original exclusive jurisdiction of the Court of Claims.

In *Palumbo*, the Ohio Supreme Court had occasion to consider a similar situation. At issue therein, Section 11760 of the General Code provided that:

" 'When a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, any equitable interest which he has in real estate, as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person, or *body politic* or corporate, shall be subject to the payment of the judgment, by action.' " (Emphasis supplied.) *Id.* at 57, 23 O.O. at 260–261, 42 N.E.2d at 768.

Pursuant to that statute, plaintiff therein, a judgment creditor, instituted proceedings in aid of execution in the municipal court, serving defendants, Industrial Commission of Ohio and the Treasurer of the state of Ohio, and seeking to garnish certain wages for services rendered which defendants therein owed to plaintiff's judgment debtor.

In resolving the issue, the court in *Palumbo* recognized that without its consent the state cannot be sued. Applying that to the code section at issue, the Supreme Court determined that the phrase "body politic" would include

the state, but that inclusion of the phrase "body politic" did not in itself make the state subject to garnishment suits. In short, since the state must consent to be sued, not impliedly but expressly, the court concluded that the words "body politic" in Ohio's general garnishment statute did not constitute an express legislative consent that the state can be garnished, or sued.

While the statute at issue herein, R.C. 2333.01, is not identical to that at issue in *Palumbo*, it is remarkably similar, and states:

"When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action."

In applying *Palumbo* to R.C. 2333.01, the court in *Pekoc v. State* (1987), 39 Ohio App.3d 56, 528 N.E.2d 958 concluded:

" * * * However, R.C. 2333.01 is almost identical in wording to G.C. 11760 * * *, the 1953 enactment of R.C. 2333.01 merely being a recodification of the prior statute. Consequently, this court is compelled to follow the holding in *Palumbo*, despite the fact that this result flies in the face of the plain meaning of the phrase 'body politic.' This court is well aware that this action is merely a collection procedure, not an action against the state, but through the state, and that the court of common pleas would be a more convenient and logical forum, but it is the Supreme Court's role to make any changes in its prior determination in this matter. We therefore hold that the trial court lacked jurisdiction over the appellant's claim." *Id.* at 59, 528 N.E.2d at 961.

While we have the same reservations in following *Palumbo*, as those the court expressed in *Pekoc*, we nonetheless are bound by the *Palumbo* decision until such time as the Supreme Court reconsiders and modifies its holding therein; and we similarly find that the common pleas court lacked jurisdiction over plaintiff's claim.

Plaintiff suggests that, inasmuch as this matter was first filed in the Court of Claims, which determined that it lacked jurisdiction and that jurisdiction probably lay in the common pleas court, the parties herein are bound by the Court of Claims' decision; and that the doctrine of *res judicata* bars a relitigation of the same issue in the common pleas court. However, as the trial court properly noted, the Court of Claims cannot determine the jurisdiction of the common pleas court. The common pleas court determines its own

jurisdiction, subject to appeal; and it has properly determined that it lacks jurisdiction of plaintiff's action against ODHS.

Plaintiff next seems to argue that a creditor's bill may be maintained against an agency of the state of Ohio. Whether or not that be true, we have determined that the common pleas court lacks jurisdiction to hear plaintiff's action against ODHS. The trial court not having addressed the general issue of whether such an action may be maintained against ODHS in the proper forum, we do not address or resolve that issue herein.

Finally, plaintiff contends that it is entitled to equitable relief in this matter, as ODHS has maintained inconsistent positions in the Court of Claims and the common pleas court with respect to jurisdiction; that ODHS should be estopped from asserting in the common pleas court a position directly contrary to that argued before the Court of Claims.

■ Subject-matter jurisdiction is prescribed by law and cannot be conferred upon a court by the agreement of the parties. *Fox v. Eaton Corp.* (1976), 48 Ohio St.2d 236, 238, 2 O.O.3d 408, 409, 358 N.E.2d 536, 537. Since equitable estoppel can have no greater effect than an express agreement, *Westlake v. Youngstown* (1900), 62 Ohio St. 249, 253, 56 N.E. 873, 874, subject-matter jurisdiction cannot be conferred upon a court by equitable estoppel. *Ford v. Indus. Comm.* (1945), 145 Ohio St. 1, 4, 30 O.O. 236, 237–238, 60 N.E.2d 471, 473; *Bobala v. Bobala* (1940), 68 Ohio App. 63, 71, 20 O.O. 45, 48, 33 N.E.2d 845, 849. Thus, we find no basis for estoppel herein.

Given the foregoing, we overrule plaintiff's single assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

STRAUSBAUGH and MCCORMAC, JJ., concur.