SZOLOSI, FITCH & SOLTIS, Appellant,

v.

OHIO DEPARTMENT OF TRANSPORTATION, Appellee.

[Cite as *Szolosi, Fitch & Soltis v. Ohio Dept. of Transp.* (1995), 101 Ohio App.3d 630.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

94API07–1045.

Decided March 9, 1995.

*Fitch, Davis & Humphrey, Stephen C. Fitch* and *Stephen Intihar,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Velda K. Hofacker,* Assistant Attorney General, for appellee.

BOWMAN, Presiding Judge.

Appellant, Szolosi, Fitch & Soltis, obtained a judgment against Holloway Construction Company in the Franklin County Court of Common Pleas in the amount of $17,743.68, plus prejudgment interest and costs. Appellant alleged that Holloway does not have sufficient property subject to levy on execution to satisfy the judgment and filed an action in the Ohio Court of Claims, pursuant to R.C. 2333.01, alleging appellee, the Ohio Department of Transportation ("ODOT"), owed money to Holloway for work on an ODOT project, part of which could be used to satisfy the judgment. In response to a motion to dismiss filed by appellee, pursuant to Civ.R. 12(B)(1), the Court of Claims dismissed appellant's complaint on the basis that it lacked subject matter jurisdiction. Appellant sets forth the following assignment of error:

"The court of claims erred in finding as a matter of law that it did not have subject matter jurisdiction under R.C. 2743.02(A)(1) to hear appellant's claim under R.C. 2333.01 to have funds held by ODOT applied to its judgment."

R.C. 2333.01 provides:

"When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action."

In *Palumbo v. Indus. Comm.* (1942), 140 Ohio St. 54, 23 O.O. 259, 42 N.E.2d 766, the Ohio Supreme Court held that, although the state of Ohio was a "body politic," the mere inclusion of such language in G.C. 11760 (now, with minor differences, R.C. 2333.01) was insufficient to constitute an express waiver of the state's immunity from suit pursuant to Section 16, Article I of the Ohio Constitution. In *Palumbo*, it was argued that it was against public policy to have the state in any manner aid a judgment debtor in avoiding his debts. The court stated, at 63–64, 23 O.O. at 263, 42 N.E.2d at 771:

" * * * To carry them into effect, all that is necessary is adequate legislation determining the courts and the manner in which garnishment actions against the state are to be carried forward. Until such legislation is passed the orderly processes of government in Ohio require us to hold that a suit such as the one at bar cannot be maintained."

In *Schenkolewski v. Metroparks System* (1981), 67 Ohio St.2d 31, 21 O.O.3d 19, 426 N.E.2d 784, the court held that the common-law doctrine of sovereign immunity may be abolished by judicial decision and overruled *Palumbo* to the extent that *Palumbo* held that abolishing the doctrine of sovereign immunity required action by the General Assembly. *Schenkolewski* did not address the issue of whether a creditor's bill could be brought against the state or the proper forum in which to bring such an action.

Appellant contends that, by enacting R.C. Chapter 2743, the state of Ohio has consented to be sued in a creditor's action, pursuant to R.C. 2333.01, and created the Court of Claims as the proper court in which to bring such an action. In support of its argument, appellant relies on *Pekoc v. State* (1987), 39 Ohio App.3d 56, 528 N.E.2d 958, and *Avalon Distrib., Inc. v. P.S. Operations, Inc.* (1991), 76 Ohio App.3d 615, 602 N.E.2d 758. Appellant contends these decisions hold that an action, pursuant to R.C. 2333.01, is not excepted from the Court of Claims' original jurisdiction. Appellee argues that the Court of Claims lacks subject

matter jurisdiction and that a creditor's bill cannot be brought against the state in any court.[1]

Contrary to appellant's assertion, the only issue decided in *Pekoc* and *Avalon* was that the court of common pleas lacked jurisdiction to hear a creditor's bill brought against the state. Neither court addressed the issue of whether the Court of Claims had such jurisdiction.[2] The absence of jurisdiction in one court does not necessarily create jurisdiction in another court; therefore, we must look to the provisions of R.C. Chapter 2743 to determine whether the state's waiver of immunity would also encompass an action pursuant to R.C. 2333.01.

R.C. 2743.02(A)(1) and (2) provide:

"(A)(1) The state hereby waives its immunity from *liability* and consents to be sued, and have its *liability* determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of *liability* is subject to the limitations set forth in this chapter * * *. To the extent that the state has previously consented to be sued, this chapter has no applicability.

" * * *

"(2) If a claimant proves in the court of claims that an officer or employee * * * would have personal liability for his acts or omissions but for the fact that the officer or employee has personal immunity under section 9.86 of the Revised Code, the state shall be held *liable* in the court of claims in any action that is timely filed pursuant to section 2743.16 of the Revised Code and that is based upon the acts or omissions." (Emphasis added.)

In *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 18 OBR 122, 480 N.E.2d 82, the Ohio Supreme Court found that the purpose of the Court of Claims Act was to centralize the filing and adjudication of claims against the state and that any exceptions to its exclusive jurisdiction should be narrowly construed. Appellant argues that the Court of Claims has subject matter jurisdiction to hear this action because the state has waived immunity from actions brought pursuant to R.C. 2333.01, and *Palumbo* is no longer applicable.

---

1. We note that, in *Pekoc* and *Avalon,* appellee argued the Court of Claims had exclusive jurisdiction to hear this type of action but estoppel does not create subject matter jurisdiction.

2. In *Avalon,* this court specifically stated, 76 Ohio App.3d at 619, 602 N.E.2d at 760:
   "Plaintiff next seems to argue that a creditor's bill may be maintained against an agency of the state of Ohio. Whether or not that be true, we have determined that the common pleas court lacks jurisdiction to hear plaintiff's action against ODHS. The trial court not having addressed the general issue of whether such an action may be maintained against ODHS in the proper forum, we do not address or resolve that issue herein."

Claims against the state for which it may be held liable result from the action, inaction or misconduct of its agents and employees, regardless of whether the action is founded in tort or contract. *Drain v. Kosydar* (1978), 54 Ohio St.2d 49, 8 O.O.3d 65, 374 N.E.2d 1253; *Buerger v. Office of Public Defender* (1984), 17 Ohio App.3d 29, 17 OBR 82, 477 N.E.2d 1170. An action brought pursuant to R.C. 2333.01 is not an action in which the issue to be determined is the liability of the state for the actions, inactions or misconduct of its employees or agents. The cause of action is a collection action against Holloway, and there are no issues of liability on the part of the state to be determined. In such an action, because there are no issues regarding the liability of the state, the state would be nothing more than a stakeholder. We agree with the concerns and reservations expressed in *Avalon* and *Pekoc* that, although the court of common pleas would be the most convenient and logical place to bring this collection action against the judgment debtor, until the Ohio Supreme Court reconsiders *Palumbo,* or the General Assembly amends R.C. Chapter 2743 or Chapter 2333, the Court of Claims lacks subject matter jurisdiction to hear a creditor's bill action against the state of Ohio.

Therefore, for the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY, J., concurs.

TYACK, J., dissents.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.

TYACK, Judge, dissenting.

Since I believe that the creditor's bill should be pursued in the Ohio Court of Claims, I respectfully dissent.

This court has earlier ruled in *Avalon Distrib., Inc. v. P.S. Operations, Inc.* (1991), 76 Ohio App.3d 615, 602 N.E.2d 758, that the court of common pleas has no jurisdiction to hear actions on creditor's bills to attach money held by the state of Ohio. Assuming we do not wish to overrule *Avalon,* our choices are limited to two remaining alternatives. Either we allow a creditor's bill to proceed in the Ohio Court of Claims or we bar creditor's bills altogether in situations where the state of Ohio is temporarily in possession of the funds ultimately due a judgment creditor. I believe the better option is to allow the pursuit of creditor's bills in the Ohio Court of Claims.

No debate exists that Szolosi, Fitch & Soltis is due over $17,000. No debate seems to exist that the state of Ohio owes money to Holloway Construction Company. Since Holloway Construction Company is a foreign corporation, presumably the funds due it from the state of Ohio will be mailed to it once the matter of a mechanic's lien is straightened up. The majority ruling means that the Ohio citizens owed these funds will watch the funds leave the state with no remedy, a result which is, at least, unfair.

I do not believe that the statutes set forth in the majority opinion compel this result, since I believe that "liability" can reasonably be construed to cover this situation. Indeed, the dictionary definition of "liability" is "the quality or state of being liable." Webster's Ninth New Collegiate Dictionary (1988) 687. The dictionary definition of "liable" is "obligated according to law or equity." *Id.* Simple principles of equity and fairness mandate payment out of the funds owed to Szolosi, Fitch & Soltis as opposed to sending the funds out of state. I believe R.C. 2743.02 can and should be construed to allow an action in the Ohio Court of Claims to force the funds to be paid to them, not the foreign corporation. Since the majority opinion does not so construe the statute defining jurisdiction of the Ohio Court of Claims, I respectfully dissent.