OPINION
{¶ 1} Appellants, Thompson Ward Leasing Co., Inc., James V. Ward, President, and Edward C. Thompson, Jr., Vice-President, appeal from a judgment of the Franklin County Court of Common Pleas affirming an order of appellee, Ohio Motor Vehicle Dealers Board ("board"), that revoked appellants' used motor vehicle dealership license. Appellants assign a single error: *Page 2 
 The trial court erred in dismissing Appellants' administrative appeal for a lack of subject matter jurisdiction pursuant to Ohio Rev. Code § 119.12.
 A. The trial court erred in not finding the appeal timely filed under a proper application of Ohio Rev. Code § 119.12.
 B. The trial court erred by not finding Appellee's motion to dismiss barred by equitable estoppel and/or waiver.
Because (1) the trial court lacked jurisdiction over appellants' appeal, and (2) jurisdiction cannot be conferred through equitable estoppel, we affirm.
 {¶ 2} By letter dated August 17, 2006, the board notified appellants that, as a result of a complaint, certain matters had come to the attention of the board. The board informed appellants of an opportunity to request a formal adjudication hearing to determine whether appellants' used motor vehicle dealership license should be suspended or revoked under R.C. 4517.33 for either, or both, of two reasons.
 {¶ 3} Initially, the notice advised that on or about February 14, 2006, a foreign judgment was filed against Thompson Ward Leasing Co., Inc. and Clarence Foster, its employee. The judgment originally was entered on or about December 29, 2003 in the United States District Court for the Northern District of California in the amount of $247,560.80, a judgment that remained unpaid in violation of R.C. 4517.20(A)(2). In addition, the notice advised that on or about December 29, 2003, the judge in the United States District Court case issued factual findings that Thompson Ward Leasing Co., Inc. paid Finance One a finder's fee for leads that resulted in actual deals, also in violation of R.C. 4517.20(A)(2).
 {¶ 4} Pursuant to appellants' request, the board conducted a hearing on March 8, 2007. As a result of the hearing, the board issued an adjudication order dated April 4, *Page 3 
2007, finding against appellants on both grounds. As a result, the board ordered that the license issued to appellants be revoked effective May 1, 2007. On April 19, 2007, appellants filed an original notice of appeal in the common pleas court seeking to appeal the board's decision that revoked appellants' license. At the same time, appellants filed a motion for stay, which the trial court granted on April 27, 2007.
 {¶ 5} On May 1, 2007, appellees, Ohio Bureau of Motor Vehicles and the board, filed a motion to dismiss pursuant to Civ. R. 12(B)(1), (2), (4), (5), and (6). Appellees contended the common pleas court lacked jurisdiction because appellants not only did not file the original notice of appeal with the board, but failed to file any notice of appeal with the board. Appellants responded by noting a split in the Ohio appellate districts about whether the original notice of appeal must be filed with the agency under R.C. 119.12. In any event, appellants argued, the board was equitably estopped from asserting appellants failed to comply with the requirements of R.C. 119.12 when in the past the board overlooked such failures. In its response to appellants' brief, the board noted appellants ultimately filed a notice of appeal with the board on April 27, 2007, but the notice of appeal was untimely under R.C. 119.12.
 {¶ 6} By decision and entry filed September 21, 2007, the common pleas court dismissed appellants' appeal, concluding appellants' failure to strictly comply with R.C. 119.12 left the court without jurisdiction to consider the appeal. In their single assignment of error, appellants contend the common pleas court erred in concluding appellants failed to comply with R.C. 119.12. Alternatively, they contend the board, due to its past litigation practices, is estopped to assert lack of jurisdiction. *Page 4 
 {¶ 7} Pursuant to R.C. 119.12, "[a]ny party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal." The statute further provides that "[a] copy of the notice of appeal shall also be filed by the appellant with the court." Id. Unless otherwise provided, "notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section." Id.
 {¶ 8} In accordance with the statute's requirements, the board's adjudication order informed appellants they had "the right to appeal this adjudication order." (April 4, 2007 Adjudication Order, 3.) Advising that R.C. 119.12 controlled the right to appeal, the adjudication order stated that "if you do wish to appeal, you must file the original of your notice of appeal with the Ohio Motor Vehicle Dealers Board within fifteen (15) days from the date of this order." (Emphasis sic.) Id. The adjudication order further specified that a "notice of appeal must actually be received by the Board * * * within fifteen (15) days from the date of this order." Id.
 {¶ 9} Appellants' notice of appeal fails for two reasons. Initially, appellants failed to file the original notice of appeal with the board. While appellants rely on some disagreement between, in particular, the Fifth and Tenth Districts with respect to where the original notice of appeal is to be filed, the Ohio Supreme Court recently resolved the issue in Hughes v. Ohio Dept. of Commerce, 114 Ohio St.3d 47,2007-Ohio-2877. The second paragraph of the syllabus of that case states that "[a] party aggrieved by an administrative agency's order must file the original notice of appeal with the agency and a copy with the court of common pleas" pursuant to R.C. 119.12. Because appellants filed *Page 5 
the original notice of appeal with the Franklin County Court of Common Pleas, it failed to comply with R.C. 119.12 as the Ohio Supreme Court interpreted it in Hughes.
 {¶ 10} Moreover, even if appellants filed an original notice of appeal with the board on April 27, 2007, it does not comply with the time limits of R.C. 119.12. The statute allows 15 days to file a notice of appeal with the board, but appellants' April 27, 2007 notice of appeal was filed with the board 23 days after the board's order. Nor do appellants contend the board so delayed mailing its April 4 order that appellants' April 27 notice of appeal would be timely under R.C. 119.12. See Harrison v. Ohio State Med. Bd. (1995), 103 Ohio App.3d 317
(concluding the notice of appeal was untimely where the board mailed its decision on June 17, 1994, but the appellant did not file a notice of appeal until July 1, 1994, 21 days after mailing, thus leaving the common pleas court without jurisdiction to consider the appeal).
 {¶ 11} In an attempt to circumvent the rather harsh consequences of R.C. 119.12, appellants contend the board is equitably estopped from asserting appellants' failure to comply with R.C. 119.12, because the board in the past permitted an appeal to proceed despite an appellant's failure to comply with the strict requirements of R.C. 119.12.
 {¶ 12} Contrary to appellants' contentions, "[s]ubject-matter jurisdiction is prescribed by law and cannot be conferred upon a court by the agreement of the parties. Since equitable estoppel can have no greater effect than an express agreement, subject-matter jurisdiction cannot be conferred upon a court by equitable estoppel." AvalonDistrib., Inc. v. P.S. Operations, Inc. (1991), 76 Ohio App.3d 615, 619
(citations omitted); Ball v. Big Sandy Furniture, Inc. (Aug. 13, 1993), Lawrence App. No. CA93-2; Fraley v. Fraley, Montgomery App. No. 19178, 2002-Ohio-4967. *Page 6 
 {¶ 13} Because appellants did not comply with the requirements of R.C. 119.12 when it filed its original notice of appeal with the common pleas court, the common pleas court properly concluded it lacked jurisdiction to consider appellants' appeal pursuant to Hughes, supra. As a result, we overrule appellants' single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 FRENCH and TYACK, JJ., concur. *Page 1