MARTIN, Appellant,

v.

ROEDER et al., Appellees.

[Cite as *Martin v. Roeder* (1992), 83 Ohio App.3d 64.]

Court of Appeals of Ohio,
Marion County.

No. 9–92–33.

Decided Nov. 30, 1992.

*Robert Martin,* pro se.

*Lee Fisher,* Attorney General, and *Donald A. Cataldi,* Assistant Attorney General, for appellees.

_____

HADLEY, Presiding Judge.

Plaintiff-appellant, Robert Martin, appeals from a Marion County Court of Common Pleas judgment entry which granted summary judgment[1] to defendants-appellees, Vickie Roeder, Roger Oskins, and James Ferguson ("appellees"), employees of the Marion Correctional Institution ("MCI").

On January 24, 1992, appellant, an inmate at MCI, filed a civil complaint in the Marion County Court of Common Pleas against appellees, alleging pursuant to Section 1983, Title 42, U.S.Code, that appellees had maliciously caused psychological and emotional distress to him. All appellees were sued in their "individual" capacities for monetary damages and in their "official" capacities for declaratory judgment and injunctive relief.

On March 31, 1992, appellees filed a motion to dismiss, alleging that the court of common pleas lacked jurisdiction because the matter should have been brought in the Court of Claims and that appellant failed to state a claim for relief under Section 1983, Title 42, U.S.Code. The trial court determined that appellant had failed to state a cognizable claim for relief under Section 1983, Title 42, U.S.Code. The trial court also determined that it lacked subject matter jurisdiction to entertain a claim for monetary damages against a state official. It is from this judgment that appellant asserts two assignments of error:

### Assignment of Error No. 1

"The trial court errored [*sic*] to the prejudice of plaintiff when it granted summary judgment in defendants['] favor using erroneous facts and conclusions of law."

### Assignment of Error No. 2

"The trial court errored [*sic*] when it did not grant damages under 42 U.S.C. § 1983 for defendant's [*sic*] malicious, wilful, and intentional conduct, which repeatedly violated plaintiff's constitutional right causing conscious suffering of mind and body, irrepairable [*sic*] psychic and intentional emotional distress, and personal humiliation, which shocks the conscious [*sic*]."

_____

1. The trial court converted appellees' motion to dismiss and memorandum contra appellant's motion for summary judgment to a request by appellees for summary judgment, pursuant to *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 579 N.E.2d 702.

■ Before we can determine the validity of appellant's assignments, we must first address whether the trial court had subject matter jurisdiction over the claims. This issue must be addressed at this juncture because in certain instances, the Court of Claims has exclusive jurisdiction over claims brought against an employee or officer of the State of Ohio. See *Manning v. Ohio State Library Bd.* (1991), 62 Ohio St.3d 24, 577 N.E.2d 650; *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 573 N.E.2d 606. Thus, the trial court stated in its decision that:

"As plaintiff's action centers on a 42 U.S.C. § 1983 claim for monetary damages against a state employee or officer, the Ohio Court of Claims has exclusive and original subject matter jurisdiction over the matter."

We disagree with the trial court's determination that it lacked subject matter jurisdiction over this action. In *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 292–293, 595 N.E.2d 862, 869, the Ohio Supreme Court stated:

"The trial court dismissed Conley's Section 1983 claim on the same grounds as his other claims, *i.e.*, lack of subject matter jurisdiction pursuant to R.C. 2743.02 and R.C. 9.86. Those sections, however, do not apply to claims brought under federal law. R.C. 9.86 expressly limits its coverage to 'any civil action that arises under *the law of this state* * * *.' (Emphasis added.)

" * * * Similarly, federal courts in Ohio have concluded that R.C. 9.86 and 2743.02(F) do not apply to Section 1983 claims even when such claims are pursued in state court. * * * Further, we have previously held that a court of common pleas has jurisdiction to hear claims brought under Section 1983 against the state and officers and employees of the state. * * * " (Citations omitted.) See, also, *Schwarz v. Ohio State Univ. Bd. of Trustees* (1987), 31 Ohio St.3d 267, 31 OBR 493, 510 N.E.2d 808; *Mullins v. Moore* (Jan. 22, 1992), Allen App. No. 1-90-67, unreported, 1992 WL 14354.

Therefore, the trial court did have subject matter jurisdiction over the within matter.

We turn now to appellant's argument that he stated a claim for relief and, therefore, the trial court erred in granting appellees' motion for summary judgment. The trial court found that appellant failed to state a cognizable claim for relief.

■■ In order to state a cognizable claim for relief, the petitioner must allege that some person has deprived him of a federal right and that person acted under color of state or territorial authority. *Gomez v. Toledo* (1980), 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572. We agree with the trial court and appellees that appellant has failed to state a cognizable claim for relief.

On September 18, 1991, appellant was cited for being out of place, a Class II violation, pursuant to Ohio Adm.Code 5120–9–07. Appellant alleged that he did not receive notice of the violation until October 28, 1991, at which time he was given a hearing and found guilty of a lesser Class III violation. On December 2, 1991, appellant was again verbally charged with being out of place. On December 4, 1991, appellant was called into the hearing officer's office for a hearing concerning the December 2 incident, at which time he was given written notice of the charges against him. Appellant was found to have been out of place and the Class II violation was reduced to a Class III violation.

Appellant alleged in his complaint that he was wrongly accused of the two offenses detailed above, there was a substantial delay between the time of the alleged infraction and the hearing for the first offense, and he had too little time to prepare for the second offense. Appellant prayed that the disciplinary findings of guilty for the two offenses be expunged from his prison record, for judgment declaring appellees violated his right to due process, and for monetary damages for appellees' failure to give him a hearing, the opportunity to present witnesses, and provide him with a written summary of the evidence against him.

Appellant strenuously argues that *Wolff v. McDonnell* (1974), 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935, applies to this matter, and that appellees violated his right to due process, by not following the due process requirement enunciated in *Wolff*. *Wolff* states:

"It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior. * * * But the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Id.* at 557, 94 S.Ct. at 2975, 41 L.Ed.2d at 951. We disagree with appellant that the *Wolff* requirements apply to the matter *sub judice.*

Although Ohio permits an Ohio prisoner a deduction in his minimum or definite sentence for faithfully observing the rules of the institution in which he is confined,[2] certain violations of prison rules do not result in a reduction in a prisoner's sentence. R.C. 2967.19(E) states that the Department of Rehabilitation and Correction shall adopt rules that establish the criteria concerning reducing a prisoner's sentence. In establishing such criteria, the Department of

---

2. R.C. 2967.19.

Rehabilitation and Correction has determined that noncompliance with a Class III rule *shall not* result in denying a sentence reduction. Ohio Adm.Code 5130–9–07(D)(1). In other words, Class III violations will not, and cannot, prevent a prisoner from accumulating credit for "good time."

Thus, herein there could be no deprivation of appellant's liberty, since appellant is not being denied credit or a reduction in his sentence for failing to observe the rules of MCI. Without any such deprivation of a federal right, there can be no cognizable claim for relief pursuant to Section 1983, Title 42, U.S.Code.

Because there is no cognizable claim for relief for appellant pursuant to Section 1983, the trial court properly granted appellees' motion for summary judgment. Moreover, because we find that appellant has not stated a claim for relief, we need not address the remaining arguments in his first assignment of error or his second assignment of error, as they are now moot. App.R. 12(A)(1)(c). The judgment of the trial court is affirmed.

*Judgment affirmed.*

Evans and Shaw, JJ., concur.